DUANE BALDWIN ET AL. *v.* INTER CITY CONTRACTORS SERVICE, INC. ET AL.

[No. 3-672A27. Filed June 27, 1973. Rehearing denied August 16, 1973. Transfer denied February 21, 1974.]

*Wendell W. Goad, James R. Bielefeld* of Merrillville, for appellants.

*Julian B. Allen, Charles A. Ruckman* and *Nick Katich, Addison, Stiles, Greenwald and Kinney,* of Gary, for appellees.

## I.

### STATEMENT ON THE APPEAL

STATON, J.—Eighty low-rent housing units were scheduled to be built on the neighborhood of Duane Baldwin and others. Fearing a decline in property values as well as environmental deterioration, they filed a class action for an injunction and declaratory relief. A temporary injunction was granted. Inter City Contractors Service, Inc. filed a motion in limine to exclude certain evidence as irrelevant. This motion was sustained by the trial court. Trial was by court and not by jury. The temporary injunction was dissolved and the permanent injunction, which had been requested in the original action, was denied. Baldwin and the others filed their motion to correct errors which raises for the purposes of this opinion, these issues:

ISSUE ONE: Was the granting of the "motion in limine" error?

ISSUE TWO: Are the Housing Authority Acts an unconstitutional delegation of legislative power to an administrative agency?

ISSUE THREE: Is the exemption of the Housing Authority from the Public Bidding Statutes contrary to public policy?

Our opinion which follows holds that a "motion in limine" has no place in a court trial. Its use is limited to jury trials. The purpose of a "motion in limine" is to exclude prejudicial matter and not to exclude irrelevant evidence as was done in the present case. The remaining two issues are questions of law and their reoccurrence at the retrial of this cause makes it necessary to discuss them in this opinion. Upon Issue Two and Issue Three, we hold that the Housing Authority Acts

are constitutional and that the exemption of the Housing Authority from the Public Bidding Statutes is not contrary to public policy. Our opinion reverses the judgment of the trial court.

## II.
## STATEMENT OF THE FACTS

On August 14, 1971, Inter City Contractors Service, Inc. (Inter City) and the Gary Housing Authority (G.H.A.) entered into a contract which provided that Inter City would construct an eighty unit low-rent housing project on a nineteen acre tract at 49th Avenue and Tennessee Street in Gary, Indiana. G.H.A. would purchase the eighty units when completed for $2,141,325.00. The Department of Housing and Urban Development (HUD) approved the project and agreed to loan G.H.A. the money to purchase the project under the Turnkey program. The loan was to be repaid by a federal guaranteed G.H.A. bond issue and the bonds were to be paid off with the income from rental of the housing units in the project.

Baldwin and others in the surrounding neighborhood filed a class action for an injunction and declaratory relief. They alleged *inter alia* that the project constituted a private nuisance. A temporary injunction was issued. The Gary City Council specifically approved the project. The plans and specifications were revised to overcome earlier objections of indefiniteness and non-compliance with the Building Code. No provision was made for competitive bidding.

Prior to the hearing on the permanent injunction, Edward L. Bosak, Executive Director of G.H.A., was served with a subpoena duces tecum requiring him to produce all records concerning the project. Bosak filed a motion to quash the subpoena and alleged that its terms were unreasonable and oppressive. His motion to quash was sustained. Before the trial on the permanent injunction, Inter City filed a "motion in limine" which reads as follows:

"Comes now defendants and move the Court in limine to instruct the plaintiffs, and all their counsel, as set forth below on the following grounds:

1. Since it is immaterial whether or not:
   a. Public housing has an adverse effect on the area on which it is located;
   b. It is in the best interests of a neighborhood to place low income public housing in it;
   c. It is in the best interests of the low income people to be permitted to live in a public housing project,
   the plaintiffs be precluded from introducing any testimony or evidence tending to prove or disprove such contentions."

The trial court granted the "motion in limine." The remaining portions of Baldwin's complaint were tried before the court, and the court rendered a negative judgment. Baldwin filed his motion to correct errors which was overruled on July 28, 1972.

### III.

### STATEMENT OF THE ISSUES

We decide three issues in our opinion which are as follows:

ISSUE ONE:       Was the granting of the "motion in limine" error?

ISSUE TWO:       Are the Housing Authority Acts an unconstitutional delegation of legislative power to an administrative agency?

ISSUE THREE:     Is the exemption of the Housing Authority from the Public Bidding Statutes contrary to public policy?

### IV.

### STATEMENT ON THE LAW

ISSUE ONE: Inter City complained that paragraph one of Baldwin's claim for relief did not constitute a claim under Indiana law. However, the error assigned in this court resulted from the granting of a motion in limine; not the granting of a motion to dismiss under Rule TR. 12(B)(6), IC 1971, 34-5-1-1, of the Indiana Rules of Civil Procedure. The "motion in

limine" excluded the admission of expert testimony as irrelevant to the claim of a private nuisance. This ruling upon the "motion in limine" by the trial court presupposes that the claim is valid but that the evidence is irrelevant to that cause of action.[1]

This cause was being tried by a trial court. The trial court's ruling upon the "motion in limine" excluded expert testimony as irrelevant. A "motion in limine" has no place or use in this setting. *Its use is limited to the jury trial.* Secondly, this court has held that the "motion in limine" has a very restricted use which flows from the trial court's inherent power. *This restricted use is to exclude prejudicial matters.* The exclusion by the trial court may encompass both prejudicial and irrelevant matter, but the primary purpose for granting the motion must be that the matter excluded would be prejudicial to the moving party. *Burrus* v. *Silhavy* (1973), 155 Ind. App. 558, 293 N.E.2d 794.

Inter City's use of the "motion in limine" is not only improper, but the prayer for relief goes far beyond the purpose of a "motion in limine." In their motion, Inter City prays for the following relief:

". . . the plaintiffs be precluded from introducing any testimony or evidence tending to prove or disprove such contentions."

The trial court's granting of the "motion in limine" precluded, in advance of trial, any attempts by Baldwin to offer expert evidence during the trial. As stated by Davis, *Motions in Limine,* 15 CLEV.-MAR.L.REV. 255, the proper form of the prayer should be:

"Wherefore, plaintiff respectfully requests the Court to instruct the defendant and all its counsel not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, any of the above mentioned facts, without first obtaining per-

---

1. Due to the unorthodox manner in which the issue was raised, we do not reach in this opinion, the question of whether a private nuisance action can be brought to enjoin the building of a low-cost housing unit in a suburban neighborhood.

mission of the Court outside the presence and hearing of the jury, and further instruct the defendant and all its counsel not to make any reference to the fact that this motion has been filed and granted and to warn and caution each and every one of their witnesses to strictly follow these same instructions."

The misuse of a "motion in limine" and the trial court's subsequent ruling thereon is error and must be reversed.

We are extending this opinion after finding error since Issue Two and Issue Three constitute questions which will undoubtedly come before the trial court on the re-trial of this cause. They are proper questions which have been presented by this appeal. Both Issue Two and Issue Three are predicated upon questions of law. We dispose of them now.

ISSUE TWO:
Are the Housing Authority Acts an unconstitutional delegation of legislative power to an administrative agency?

On pages 72-84 of Baldwin's brief, an attempt is made to attack the Housing Authority Acts by declaring that they are an unconstitutional delegation of legislative power to an administrative agency. He states on page 79 of his brief:

"The plaintiffs contend that in this case there are absolutely no standards laid down to guide housing authorities."

Almost every conceivable approach has been taken in most of the country's jurisdictions to have such legislation struck down as an invalid delegation of legislative authority. All attempts have failed, including attempts made in Indiana. *Edwards* v. *Housing Authority* (1939), 215 Ind. 330, 19 N.E. 2d 741; *Humphrey* v. *City of Phoenix* (1940), 55 Ariz. 374, 102 P.2d 82; *Housing Authority of Los Angeles County* v. *Dockweiler* (1939), 14 Cal.2d 437, 94 P.2d 794; *Williamson* v. *Housing Authority* (1938), 186 Ga. 673, 199 S.E. 43; *Krause* v. *Peoria Housing Authority* (1939), 370 Ill. 356, 19 N.E.2d 193; *Spahn* v. *Stewart* (1937), 268 Ky. 97, 103 S.W.2d 651; *State ex rel. Porterie* v. *Housing Authority* (1938), 190 La. 710, 182 So. 725; *Stockus* v. *Housing Authority* (1939), 304

Mass. 507, 24 N.E.2d 333; *Re Brewster Street Housing Site* (1939), 291 Mich. 313, 289 N.W. 493; *Rutherford* v. *City of Great Falls* (1939), 107 Mont. 512, 86 P.2d 656; *Lennox* v. *Housing Authority* (1940), 137 Neb. 582, 290 N.W. 451; *Ryan* v. *Housing Authority* (1940), 125 N.J.L. 336, 15 A.2d 647; *Wells* v. *Housing Authority* (1938), 213 N.C. 744, 197 S.E. 693; *Dornan* v. *Philadelphia Housing Authority* (1938), 331 Pa. 209, 200 A. 834; *Knoxville Housing Authority* v. *City of Knoxville* (1939), 174 Tenn. 76, 123 S.W.2d 1085; *Housing Authority* v. *Higginbotham* (1940), 135 Tex. 158, 143 S.W.2d 79; *Chapman* v. *Huntington, W. Va., Housing Authority* (1939), 121 W.Va. 319, 3 S.E.2d 502; *Hogue* v. *Housing Authority* (1940), 201 Ark. 263, 144 S.W.2d 49; *Lloyd* v. *Twin Falls Housing Authority* (1941), 62 Idaho 592, 113 P.2d 1102; *Mumpower* v. *Housing Authority* (1940), 176 Va. 426, 11 S.E.2d 732; and *Davidson* v. *City of Elmira* (1943), 180 Misc. 1052, 44 N.Y.S.2d 302.

In *Edwards* v. *Housing Authority, supra,* 215 Ind. at 339-340, 19 N.E.2d at 746, our Supreme Court stated:

". . . The legislature cannot delegate the power to make a law, but it can make a law and delegate power to determine the existence of some fact or situation upon which the law is intended to operate. . . . We believe that the act provides sufficient standards and rules for the determination of the facts, and that it is not unconstitutional in this respect."

Our Supreme Court in *Matthews* v. *State* (1958), 237 Ind. 677, 681-682, 148 N.E.2d 334, 336, elaborated and expounded further on this process:

". . . However, the policy of the Legislature and the standards to guide the administrative agency may be laid down in very broad and general terms. Such terms get precision from the knowledge and experience of men whose duty it is to administer the statutes, and then such statutes become reasonably certain guides in carrying out the will and intent of the Legislature."

We hold that the act contains definite standards as are reasonably possible. In regard to such factors as the selection

and the size of the areas to be redeveloped, the costs involved, and the exact form which the development should take, it would be impossible for the Legislature to make detailed provisions and blueprints in advance for each housing development. The planning necessary to accomplish the purpose of the act must necessarily vary from place to place within the "area of operation." Prescribing general standards with definite guidelines is all that is required. Reason requires that the preparation of the specific plans, the site and specifications which best adapt the project to the site be left to local authorities.

The Legislature has established primary standards and has imposed upon the Housing Authority the duty of carrying out the declared policy in accordance with these general provisions. The standards in IC 1971, 18-7-11-3 (g)-(q); Ind. Ann. Stat. § 48-8103 (g)-(q) (Burns 1972 Supp.); IC 1971, 18-7-11-4; Ind. Ann. Stat. § 48-8104 (Burns 1963), and IC 1971, 18-7-11-8 *et seq.*; Ind. Ann. Stat. § 48-8108 *et seq.* (Burns 1972 Supp.) are sufficient to meet the constitutional test.

ISSUE THREE:
Is the exemption of the housing authority from the Public Bidding Statutes contrary to public policy?

Baldwin contends that the Legislature has exempted the Public Housing Project from the Public Bidding Statutes by the enactment of IC 1971, 18-7-11-8 (i); Ind. Ann. Stat. § 48-8108 (i) (Burns 1972 Supp.) and that such an exemption is void as against the public policy of this State as announced in *School City of Gary* v. *Continental Electric Co.* (1971), 149 Ind. App. 416, 273 N.E.2d 293.

Baldwin misconstrues fundamental concepts of separation of powers. First, *School City of Gary* v. *Continental Electric Co., supra,* is not on point. In *School City of Gary, supra,* the court was dealing with the fact situation where the school authorities did not follow the Public Bidding Statutes which specifically applied to them. In the case at bar, the Legislature

has, by statute, exempted the Public Housing Authority from the Public Bidding Statutes. Baldwin is requesting that our Court declare a statutory policy of the Legislature void as against judicial "public policy." Such is not the function of the courts. See *Marbury* v. *Madison* (1803), 1 Cranch 137, 2 L.Ed. 60.

Public policy is determined by the Legislature. If the Legislature has spoken, the courts may not ignore their will unless the action transcends constitutional limitations. See *Young* v. *Board of Trustees of Broadwater County High School* (1931), 90 Mont. 576, 4 P.2d 725, 727.

## V.
## DECISION OF THE COURT

ISSUE ONE: The trial court committed error when it granted Inter City's "motion in limine." "Motions in limine" are limited to jury trials. They have no application to court trials. This court has held that the "motion in limine" has a very restricted use which flows from the trial court's inherent power. This restricted use is to exclude prejudicial matter. The exclusion by the trial court may be of both prejudicial and irrelevant matter, but the primary purpose for granting the "motion in limine" must be that the matter excluded would be prejudicial to the moving party during the jury trial. *Burrus* v. *Silhavy* (1973), 155 Ind. App. 558, 293 N.E.2d 794.

ISSUE TWO: The standards in IC 1971, 18-7-11-3 (g)-(q), *supra;* IC 1971, 18-7-11-4, *supra;* and IC 1971, 18-7-11-8 *et seq., supra,* have sufficient definiteness. They do not constitute an unconstitutional delegation of legislative power.

ISSUE THREE: The exemption of the Housing Authority from the Public Bidding Statutes is not contrary to public policy.

The judgment of the trial court should be and the same

hereby is reversed with instructions to grant a new trial as to paragraph one of Baldwin's claim.

Hoffman, CJ. and Sharp, J., concur.

NOTE.—Reported at 297 N.E.2d 831.