**B & D CORPORATION, Downen Enterprises, Inc., John Ellerman, Foster Farms, Hartman Farms, Inc., John Kolhouse, Lannan Farms, Inc., Heath Marchino and Brent Marchino d/b/a Marchino Bros. Farms, Don Nowaskie, Thompson Farms, Inc., and George Wilson, Appellants (Plaintiffs Below),**

v.

**ANDERSON, CLAYTON & COMPANY, Asgrow Seed Company, Cargill Incorporated, Dekalb Agresearch, Inc., Edward J. Funk & Sons, Inc., Funk Bros. Seed Company, Lowe Seed Company, Midwest Seed Growers Association, Inc., Pioneer Corn Company, Inc., Princeton Mining Company, Inc., d/b/a Princeton Farms, Stull Brothers, Inc., Todd Hybrid Corn Company, Inc., Trojan Seed Company, Northrup, King & Company, W. R. Crace Co. (Pag. Div.), Defendants-Appellees.**

No. 1–177A1.

Court of Appeals of Indiana, First District.

April 2, 1979.

Baker & Daniels, Indianapolis, Bamberger, Foreman, Oswald & Hahn, Evansville, Barnes, Hickam, Pantzer & Boyd, Indianapolis, Cox, Zwerner, Gambill, & Sullivan, Terre Haute, Dorsey, Windhorst, Hannaford, Whitney & Halladay, Minneapolis, Minn., Dunn, Brady, Goebel, Ulbrich, Morel & Jacob, Bloomington, Ill., Fulmer, Byrum & Gagnon, Indianapolis, Granger, Butz, Blanke, Mortell & Jaffe, Kankakee, Ill., Ice, Miller, Donadio & Ryan, Indianapolis, King, Deep & Branaman, Henderson, Ky., Krieg, DeVault, Alexander & Capehart, Indianapolis, Barce, Barce & Vann, Kentland, Locke, Reynolds, Boyd & Weisell, Indianapolis, Lord, Bissell & Brook, Chicago, Ill., McDonald, McDonald & Nixon, Princeton, Obear, Overholser & Smith, Delphi, Rocap, Rocap, Reese & Young, Indianapolis, Sidley & Austin, Chicago, Ill., Stuart, Branigin, Ricks & Schilling, Lafayette, Michael K. Phillips, Boonville, for defendants-appellees.

ROBERTSON, Judge.

Plaintiffs-appellants B & D Corporation, et al. (Corn Farmers) appeal a final judgment of Warrick Circuit Court against Corn Farmers and in favor of Anderson, Clayton & Company, et al. (Seed Companies) with respect to all claims based upon alleged joint action by Seed Companies, the denial of Corn Farmers' motion for leave to file a second amended complaint, and the severance of remaining claims against Seed Companies into separate actions.

## PROCEDURAL HISTORY

In this purported class action suit filed in 1972 on behalf of themselves and other similarly situated U.S. corn farmers, Corn Farmers seek damages for crop losses occasioned by the 1970 corn blight because of, they allege, defective seed corn unusually susceptible to the blight distributed by the Seed Companies.

This procedurally convoluted and protracted litigation was initiated by Corn Farmers' January 1972 complaint which alleged, *inter alia*, negligence and breach of warranty. This initial pleading spurred a

Sydney L. Berger, Charles L. Berger, Theodore Lockyear, Steve T. Barber, Evansville, for appellants.

storm of papers filed by separate Seed Companies; included in those filings were alternative motions to dismiss or to sever and proceed separately, and motions to sever claims or be dropped as a party. In June 1972, Corn Farmers amended their complaint to add still more defendants, assert the joint and several liability of defendants; and allege a count sounding in strict liability. Corn Farmers later moved for leave of court in October 1974 to amend the complaint for a second time, in part, to include certain allegations of fact concerning "joint and concurrent action" by Seed Companies. The trial court's April 9, 1976, judgment refusing this further amendment lead to this appeal which requires our resolution of two dispositive and interrelated issues:

I. Whether the Seed Companies were presented sufficient notice of a claim based on joint action in Corn Farmers'. amended complaint.

II. Whether the trial court abused its discretion in denying Corn Farmers' motion for leave to file a second amended complaint.

We affirm.

## ISSUE I

Corn Farmers' June 1972 amended complaint (omitting caption), in pertinent part, took the following form:

*Part I. Description of Defendants*

Plaintiffs, and each of them, for First Claim against defendants, and each of them, allege and say that:

(1) The defendants are those companies and corporations who are named in the caption of this amended complaint, and all persons, firms and organizations whose names are presently unknown to plaintiffs who had sales in excess of $500,000 of Texas male sterile hybrid seed corn in the United States for the 1970 crop season. Each defendant is engaged in the hybrid seed corn business, including research, growing, and selling hybrid seed corn throughout the United States. Each defendant transported or delivered for transportation in interstate shipment so-called Texas Male Sterile hybrid seed corn (hereafter called "T hybrid seed corn") for the 1970 crop season.

(2) Defendants are jointly and severally liable to plaintiffs arising out of the same occurrence and series of occurrences and common questions of law or fact arise in this action.

*Part II. Description of Plaintiffs*

\* \* \* \* \* \*

*Part III. Negligence on the Part of Each Defendant*

(7) Each defendant knew or should have known at the time T hybrid seed corn was sold to plaintiffs for the crop year 1970 that T hybrid seed corn was unusually susceptible to the blight and was also susceptible to another similar corn disease commonly called yellow leaf blight caused by the fungus phyllosticta zeae (hereafter called "yellow blight").

(8) Each defendant carelessly or negligently

(a) relied almost exclusively on T hybrid seed corn thereby making said corn crop more susceptible to the hazard and danger of an epidemic;

(b) relief almost exclusively on continuous inbreeding of a single cytoplasm, namely, the Texas Male Sterile cytoplasm, thereby making said corn crop more susceptible to the hazard and danger of an epidemic;

(c) failed to warn plaintiffs that the blight or yellow blight had been found in T hybrid seed corn at different times and places commencing as early as 1961;

(d) failed to warn plaintiffs that T hybrid seed corn was highly susceptible to the blight and to yellow blight;

(e) violated the law of the land, namely \* \* \* (the "Federal Seed Act") in that each misleadingly advertised or labeled T hybrid seed corn so as to fail to advise plaintiffs that

(1) each defendant was relying almost exclusively on T hybrid seed corn thereby making said corn crop more susceptible to the hazard and danger of an epidemic;

(2) each defendant was relying almost exclusively on continuous inbreeding of a single cytoplasm, namely, the Texas Male Sterile cytoplasm, thereby making said corn crop more susceptible to the hazard and danger of an epidemic; .

(3) the blight and yellow blight had been found in T hybrid seed corn at different times and places commencing as early as 1961; and

(4) T hybrid seed corn was highly susceptible to the blight and to yellow blight;

(f) failed to adequately test T hybrid seed corn;

(g) failed to adequately research susceptibility of T hybrid seed corn to blight;

(h) failed to adequately research the effects of relying almost exclusively on continuous inbreeding of a single cytoplasm, namely, the Texas Male Sterile cytoplasm;

(i) committed other acts or omissions well known to each defendant but not known to plaintiffs at this time.

(9) As a result of such carelessness or negligence on the part of defendants, and each of them, a blight epidemic infested the 1970 crop yielded from T hybrid seed corn.

(10) The blight epidemic reduced the 1970 crop yield from T hybrid seed corn by no less than 500 million bushels in the United States.

(11) As a further result of the facts hereinabove set out, plaintiffs and all members of the class they represent herein, lost part of their 1970 crop and were damaged thereby.

## SECOND COUNT OF AMENDED COMPLAINT

### Part IV. Breach of Warranty by Each Defendant

Plaintiffs, and each of them, for Second Claim against defendants, and each of them, allege and say that:

    *     *     *     *     *     *

(13) At the time T hybrid seed corn was sold to plaintiffs and all members of the class they represent herein for the crop season 1970, each defendant was a merchant with respect to T hybrid seed corn.

(14) Each defendant impliedly warranted by operation of law that all T hybrid seed corn sold to plaintiffs and all members of the class they represent herein for the crop season 1970 was merchantable.

(15) Such T hybrid seed corn was not merchantable in that it was highly susceptible to the blight.

(16) As a result of such breach of warranty on the part of defendants, and each of them, a blight epidemic infested the 1970 crop yielded from T hybrid seed corn.

    *     *     *     *     *     *

(18) As a further result of the facts hereinabove set out, plaintiffs and all members of the class they represent herein, lost part of their 1970 crop and were damaged thereby.

## THIRD COUNT OF AMENDED COMPLAINT

### Part V. Strict Liability in Tort of Each Defendant

Plaintiffs, and each of them, for Third Claim against defendants, and each of them, allege and say that:

    *     *     *     *     *     *

(20) Said T hybrid seed corn was expected to and did reach each of the plaintiffs and all members of the class represented by the plaintiffs herein without substantial change in the condition in which said seed was sold, by defendants.

(21) Said seed was sold by said defendants in a defective condition unreasonably dangerous to the property of the users thereof, namely each of the plaintiffs and all members of the class represented by the plaintiffs, in that said seed was highly susceptible to the blight.

(22) As a result of the facts hereinabove set out, plaintiffs and all members of the class they represent herein, lost

part of their 1970 crop and were damaged thereby.

\*    \*    \*    \*    \*    \*

Corn Farmers' sought-for second amended complaint was substantially the same as the amended complaint, *supra*; however, the Corn Farmers sought to add to the first count, a "Part III. Joint and Concurrent Action on the Part of Each Defendant," which reads:

8. Defendants, and each of them, at all times material herein, acted jointly and concurrently in one or more of the following matters:

a. By a common reliance upon patents and licenses of seed corn, including T hybrid seed corn.

b. By financing and by attending seminars and conferences of mutual concern on seed corn, including T hybrid seed corn.

c. By common membership in trade organizations dealing with the promotion, sale and research of seed corn, including T hybrid seed corn.

d. By uses of common sources for gathering information concerning seed corn, including matters concerning T hybrid seed corn.

e. By financing trade organization activities, including matters concerning T hybrid seed corn.

f. By jointly establishing standards relating to the seed corn industry.

g. By jointly establishing standards for labeling T hybrid seed corn.

h. By relying upon common research conducted relative to seed corn, including T hybrid seed corn.

i. By an interchange of communications relative to seed corn problems.

j. By common reliance on testing of seed corn and the results thereof and by other joint action known to defendants and unknown to the plaintiffs at this time.

Subsequently, on June 17, 1976, the trial court entered an order, presumably pursuant to Ind.Rules of Procedure, Trial Rule 54(B), that

. . . the prior [April 9] ruling denying the right to file a second amended complaint is a final determination of all claims based upon alleged joint action as between the defendants . . . the Court expressly determines that there is [no] just reason for delay, and now directs that a final judgment be entered, and the same is hereby, issued against the plaintiffs and in favor of all defendants only as to all claims based upon alleged joint action as between the defendants.

The trial court's overruling of Corn Farmers' subsequently filed motion to correct errors directed in part to the purported TR. 54(B) order above, evolved into ISSUE I now before this court.

The controversy in this case essentially centers over the scope of meaning to be given to the language from the amended complaint that "[d]efendants are jointly and severally liable to plaintiffs arising out of the same occurrence and series of occurrences. . . ." The question argued by the parties is this: does the quoted language include within its scope the allegations of fact concerning joint and concurrent action sought for inclusion by Corn Farmers in the second amended complaint?

Corn Farmers argue that Indiana law supports the proposition that such an allegation sufficiently pleads that tortfeasors acted jointly in the commission of a wrong; Corn Farmers maintain that the Seed Companies were put on notice of a claim based on joint action by the "joint and several" language. Seed Companies contrarily urge that the amended complaint does not contain a sufficient allegation of joint action; moreover, Seed Companies opine that the amended complaint contains allegations of individual action by each defendant but no facts regarding joint action. Seed Companies also content that inclusion of the "conclusory language" of TR. 20(A) does not constitute the allegation of any fact, and, therefore, does not state a claim for joint action.

After careful consideration of the respective arguments of the parties, we find ourselves better persuaded by those of the

Seed Companies. We agree with Seed Companies that the bare "joint and several" language is insufficient in and of itself to provide notice to the Seed Companies of a claim based upon such joint action as the refused second amended complaint seems to contemplate.

We note initially that the parties have tested the sufficiency of the joint action allegation against traditional TR. 12(B)(6) standards, and, thus, we shall do the same notwithstanding the fact that there was no TR. 12(B)(6) dismissal in this case. The applicable standards were stated in the bedrock case of *State v. Rankin,* (1973) 260 Ind. 228, 230–1, 294 N.E.2d 604, 606, as follows:

> [I]n a typical 12(B)(6) situation, a complaint is not subject to dismissal unless it appears to a certainty that the plaintiff would not be entitled to relief under *any set of facts.* [Citations] The rules do *not* require that the complaint state all the elements of a cause of action. It must be remembered that our new rules are based on so-called notice pleadings in which a plaintiff essentially need only plead the operative facts involved in the litigation. [. . .] Although a statement of the theory may be highly desirable, it is not required. When no evidence has been heard or no affidavits have been submitted, a 12(B)(6) motion should be granted only where it is clear from the *face* of the complaint that under no circumstances could relief be granted.

Noting that under *Rankin* a complaint need not set forth all the elements of a cause of action, and that only the operative facts involved in the litigation need by pleaded, the Court of Appeals in *Kiyose v. Trustees of Indiana University,* (1975) Ind.App., 333 N.E.2d 886, 891, observed, "Despite the rather illusory character of this standard, we are of the opinion that it requires at the very least a description of the tortious conduct forming the basis of the plaintiff's

claim." The *Kiyose* court went on to conclude there was no trial court error in the dismissal of a second count of plaintiff's amended complaint in the absence of an allegation demonstrating commission by defendants of any tortious acts. *Id.*

■ Close scrutiny of the amended pleading in the present case reveals no fact allegations describing any such joint action as complained of by Corn Farmers in the second amended complaint. The facts alleged address individual action by the individual defendant; each count sets forth allegations of acts or omissions by "[e]ach defendant." The controverted Part III of the proposed second amended complaint, however, contains new allegations of fact purportedly supportive of a joint action claim and uses parlance sounding in joint activity, to-wit: "common reliance . ."; "common membership . . ."; "common sources . . ."; "jointly establishing . . ."; "common research . ."; and, "interchange of communications, . ." We are unable to glean from the amended complaint where such factual allegations of joint action are reasonably identifiable— and Corn Farmers do not persuasively direct the court to same. In view of the record and arguments before this court, we are unable to descry trial court error: mere addition of the conclusory language, "joint and severally liable," to the individual action assertions in the amended complaint, is insufficient in light of *Rankin* and *Kiyose* to give notice to Seed Companies of the operative facts of tortious joint action of the sort alleged in the second amended complaint.

### ISSUE II

■ We next must examine whether the trial court abused its discretion in denying Corn Farmers' motion for leave to file the second amended complaint.[1] The grant or denial of leave to amend under TR. 15(A),

---

1. As part of their argument regarding the denial of the motion, Corn Farmers suggest that the grounds of the lower court's refusal of the motion was that the statute of limitations had run. Urging application of the relation-back

doctrine of TR. 15(C), Corn Farmers maintain that the sought-after "amendment should have been granted since the second amended complaint merely amplifies and sets out in detail the 'occurrences . . . attempted to be set

permitting a party to amend his pleading only by leave of court "when justice so requires," is a matter within the sound discretion of the trial court and is reviewable only for abuse of that discretion. *Selvia v. Reitmeyer*, (1973) 156 Ind.App. 203, 295 N.E.2d 869. " '[D]iscretion' implies flexibility in light of varying circumstances. It is a privilege allowed a judge within the confines of justice to decide and act in accordance with what is fair and equitable." *Urbanational Developers, Inc. v. Shamrock Engineering, Inc.*, (1978) Ind.App., 372 N.E.2d 742, 746.

■ In our opinion, a reading of the sought-after amendment shows that the certain impact of granting the motion would have been to confound already complicated and protracted litigation with the injection of an essentially wholly new claim with potentially far-reaching consequences in terms of the factual context of the litigation and the relationships between and among parties in the action. Such consideration alone is sufficient to sustain the discretionary ruling by the trial court. We further believe Corn Farmers' statement that "[t]he issues to be tried remain basically the same and the second amended complaint merely facilitates the fair trial of existing issues between the parties" to be an oversimplification of the problems.

■ Finally, the propriety of the trial court's July 23, 1976, order granting Seed Companies' motions for severance,[2] a remaining issue raised by this appeal, is closely interrelated with *ISSUES I* and *II*. Corn Farmers essentially complain that "to have this action severed into at least fourteen lawsuits and quite possibly forty thousand lawsuits, with so many judges having to decide identical important questions of fact and law would violate the spirit as well as the letter of the Indiana Rules of Civil Procedure, particularly Trial Rules 19, 20 and 23." [3]

Under the Federal Rules of Civil Procedure upon which our Trial Rules are basically modeled,[4] the granting of a severance lies within the discretion of the trial court. *Cohen v. District of Columbia National Bank*, (D.D.C.1972) 59 F.R.D. 84; *Mosley v. General Motors Corp.*, (8th Cir. 1974) 497 F.2d 1330; *Garber v. Randell*, (2nd Cir. 1973) 477 F.2d 711; C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1660 (1972). The exercise of discretion requires a balancing of benefit and prejudice resulting from alternative courses. *See Garber, supra.* With the absence from this lawsuit of claims based upon joint action,[5] the trial court acted within its discretion by severing the remaining claims. Moreover, considering the Corn Farmers' amended complaint raises issues pertaining to individual claims by individual plaintiffs which turn upon particularities of the relationships between and among plaintiffs and defendants, we believe there was no abuse of discretion in the granting of the severance motions.

forth . . .' [TR. 15(C)] in plaintiffs' amended complaint" which alleged joint and several liability.

In view of our ruling above, our resolution of the abuse of discretion question here, and the absence of any record indicating the true grounds of the trial court's ruling, we need not discuss this contention further.

2. In implementing his ruling, the trial court ordered that plaintiffs were to be permitted to file within 45 days an amended complaint against *each of the defendants.* The order also stated that each such amended complaint, whether individually or as representative of an alleged class, should name only one defendant and should assert only the claim or claims against that defendant none of which were to be inconsistent with the trial court's prior rulings. (On plaintiffs' motion, the trial court subsequently stayed the 45 day grant and ordered that in the event plaintiffs' appeal be unsuccessful, *plaintiffs were to be granted 45 days from final disposition of the appeal in which to file amended complaints against separate defendants.*)

3. Corn Farmers' Brief at 99.

4. *City of Elkhart v. Middleton*, (1976) 265 Ind. 514, 356 N.E.2d 207.

5. *See* our discussion of *ISSUE I, supra.*

For the aforementioned reasons, the judgment below is affirmed.

Affirmed.

LYBROOK, P. J., and LOWDERMILK, J., concur.