**BETA ALPHA SHELTER OF DELTA TAU DELTA FRATERNITY, INC., Plaintiff-Appellant,**

**v.**

**Wm. J. STRAIN, d/b/a Wm. J. Strain, A.I.A., Defendant-Appellee.**

**No. 1–782A193.**

Court of Appeals of Indiana, First District.

March 24, 1983.

Rehearing Denied May 6, 1983.

---

Terry Noffsinger, Noffsinger & Deig, Evansville, for plaintiff-appellant.

Arthur P. Kalleres, Joseph A. Schenk, Ice Miller Donadio & Ryan, Indianapolis, for defendant-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Appellant Beta Alpha Shelter of the Delta Tau Delta Fraternity, Incorporated (fraternity) appeals from a negative judgment of the Monroe Superior Court in an action for damages resulting from the installation of a heating and cooling system. We affirm.

## FACTS [1]

On or about March 19, 1964, appellee William J. Strain d/b/a William J. Strain, A.I.A., (Strain) contracted with the fraternity to provide certain services for the construction of a new fraternity house on the Bloomington campus of Indiana University. The building was substantially completed on March 10, 1965. Subsequent problems with the heating and cooling system resulted in the filing of the fraternity's first complaint on March 18, 1970, alleging that the system was negligently installed and that Strain issued a final certificate of completion when he knew or should have known of the negligent manner of installation. On November 1, 1971, William J. Strain died. His wife, as executrix of his estate, was substituted as the party defendant (hereinafter also referred to as Strain). In the summer of 1972, Ramon L. Stair, an architect with specialized experience in heating and cooling systems, was requested by the fraternity to inspect the heating and cooling system. In a written report dated October 3, 1972, in an oral presentation to the fraternity on October 31, 1972, and in his deposition on June 26, 1979, Mr. Stair indicated that the problem with the fraternity's heating and air-conditioning system was a result of improper design rather than improper construction. Stair's written report was furnished as an attachment to plaintiff's answers to interrogatories filed on October 18, 1974. On November 28, 1975, fraternity moved to supplement its complaint by attaching thereto a copy of the contract between Strain and the fraternity and a copy of the contract between John C. Owens and Associates for the drafting of the heating and ventilating plans and specifications. That motion was granted. On October 2, 1978, fraternity, with leave of court, filed an amended complaint adding a count for breach of implied warranty of habitability against all defendants.[2] On June 22, 1979, fraternity filed a trial brief asserting that the issues to be tried included the question of negligent design. On or about July 2, 1979, Strain made an oral motion in limine seeking to prevent the introduction of any evidence tending to show negligence in the design of the heating and air-conditioning system. The court granted Strain's motion in limine. Then, on April 8, 1980, fraternity filed a motion for leave to file a second amended complaint to add an allegation of design error. That motion was denied by the trial court. The stipulated facts expressly indicate that there is no evidence of either negligent installation or a breach of implied warranty of habitability. The Monroe Superior Court entered a judgment against the fraternity on both counts of its amended complaint. From this judgment fraternity now appeals.

## ISSUES

Fraternity presents six issues for review by this court. Combined and rephrased they are as follows:

1. Did the trial court err in granting Strain's oral motion in limine?

2. Did the trial court err in denying fraternity's motion for leave to file a second amended complaint?

## DISCUSSION AND DECISION

*Issue One*

Prior to trial Strain moved to exclude any evidence tending to show a design defect in the heating and cooling system. Appellant fraternity argues that the trial court erred in granting Strain's motion in limine because Strain had sufficient notice of the claimed allegation of design defect. Appellee Strain argues that the grant of a motion in limine is a matter within the discretion of the trial court and furthermore, that no sufficient notice was given by the complaint upon which appellant could base a claim of design defect. Neither party is wholly correct.

---

1. The case was tried on stipulated facts. See Record at 155–59.

2. Defendants Goheen General Construction and Bowers and Sons, Incorporated, were granted summary judgment on August 3, 1979. No appeal was taken therefrom.

We initially note that motions in limine are designed to keep prejudicial matter from the jury. *Indiana & Michigan Electric Co. v. Pounds,* (1981) Ind.App., 426 N.E.2d 45, 47, *trans. denied; Baldwin v. Inter City Contractors Service, Inc.,* (1973) 156 Ind.App. 497, 501, 297 N.E.2d 831, 834, *trans. denied* (1974). The instant case was tried to the court. No jury was present. As the court in *Baldwin* noted, the granting of a motion in limine in a bench trial is error. *Id.* However, it is not error which mandates a reversal. In order to demonstrate reversible error, the complaining party must show both an erroneous ruling and prejudice resulting therefrom. *Cunningham v. Cunningham,* (1982) Ind.App., 430 N.E.2d 809, 813. Fraternity does not demonstrate prejudice resulting from the court's grant of the motion in limine. It is well settled that this court will not presume prejudice. *Atwood v. Prairie Village, Inc.,* (1980) Ind.App., 401 N.E.2d 97, 100. Absent such a showing, this court will not disturb the ruling of the trial court.

While it may have been error to grant a motion in limine in a trial to the court, it is clear that the trial court by its grant of the motion was merely stating its conclusion that the fraternity had not given sufficient notice of its design defect claim in order to proceed with such at trial. The trial court, therefore, excluded any evidence of design error. The admission or exclusion of evidence is a matter within the discretion of the trial court. *Clouse v. Fielder,* (1982) Ind.App., 431 N.E.2d 148, 155; *Smith v. Crouse-Hinds Co.,* (1978) 175 Ind.App. 679, 373 N.E.2d 923, 926, *trans. denied* (1979). The trial court will be reversed for an abuse of discretion in excluding evidence[3] only

upon a showing that the court's action is clearly erroneous and against the facts and circumstances before the court and reasonable inferences to be drawn therefrom. *Rust v. Guinn,* (1981) Ind.App., 429 N.E.2d 299, 305, *trans. denied.* In order to determine whether the trial court abused its discretion in disallowing the evidence of design defect, we must first look to whether there was adequate notice to appellee Strain regarding fraternity's allegation of design defect.

We begin by noting that in Indiana a complaint need only state the operative facts involved in a cause of action.[4] *State v. Rankin,* (1973) 260 Ind. 228, 230–31, 294 N.E.2d 604, 606; *F.W. Means & Co. v. Carstens,* (1981) Ind.App., 428 N.E.2d 251, 262, *trans. denied; B & D Corp. v. Anderson, Clayton & Co.,* (1979) Ind.App., 387 N.E.2d 476, 481, *trans. denied.* This is commonly described as notice pleading. *F.W. Means.* "The rules do *not* require that the complaint state all the elements of a cause of action." *Rankin,* (Emphasis in the original.). Also, while a statement of the theory at trial is highly desirable, it is not required. *Id.* With this in mind, we turn then to the facts of the instant case. Fraternity claims that its complaint was sufficient to put Strain on notice that it intended to include an allegation of design defect. We disagree. Fraternity's amended complaint alleged that the installation of the system was negligently performed[5] and that Strain was negligent in accepting work which he knew or should have known was incorrectly installed. It also alleged a violation of the implied warranty of habitability. Nowhere did the complaint in any manner allude to defects in design.

---

**3.** Generally, the grant of a motion in limine does not occasion any error absent an offer of proof at trial. *State v. Church of Nazarene of Logansport,* (1978) 268 Ind. 523, 532, 377 N.E.2d 607, 612; *Freson v. Combs,* (1982) Ind. App., 433 N.E.2d 55, 60. In this case, submitted to the court on stipulated facts, such facts noted how appellant's experts would have testified had they been allowed. We deem this to be sufficient to fulfill the requirement of an offer of proof to preserve error on appeal.

**4.** Indiana Rules of Civil Procedure, Trial Rule 8(A) requires "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for the relief to which he deems himself entitled."

**5.** The amended complaint specifically stated that "the heating and air-conditioning units were installed in said house in a negligent and careless manner, and contrary to specification. . . ." Record at 80.

Appellant also argues that allegations of defective design are necessarily included within the language of the complaint.[6] Fraternity's contention is not well taken. Notwithstanding our supreme court's declarations in *Rankin,* we hold that where the plaintiff's complaint expressly sets forth its theories and facts in support thereof, the defendant may properly rely upon them in preparing for trial. We note that none of the facts asserted in the complaint gives rise to an inference that the complaint was to subsume a cause of action for defective design. In fact, the operative facts, as set out in the complaint, expressly negate any inference that design defect was to be relied upon at trial.[7]

Appellant further argues that its answers to interrogatories were sufficient to provide Strain with notice of its intent to argue defective design at trial. Again, we cannot agree with appellant's contention. We recognize that in determining whether a complaint adequately notifies the defendant of matters to be litigated, the court can look beyond the pleadings. *See, e.g., Rankin.* This may include looking to the fruits of discovery. *Id.* In the instant case, the report of Ramon L. Stair was appended to the plaintiff's answers to interrogatories. It states that "[Stair] would have designed the air systems considerably larger than the systems that exist in the building." Record at 42. Plaintiff's answer to interrogatory number six states substantially the same thing. While this may in some cases have been sufficient to provide notice, we note that in the instant case the supplemental complaint and first amended complaint were filed *subsequent* to the plaintiff's answers to interrogatories. The amended complaint raised implied warranty of habitability as a new theory. It did not include design defect as a new theory. By amending its complaint to include the implied warranty theory subsequent to the filing of its answers to interrogatories, the fraternity in essence indicated that it did not intend to rely upon defective design as a theory at trial. As we held above, the defendant in such cases has a right to rely upon the plaintiff's allegations, especially where the plaintiff utilizes the opportunity to amend its complaint and does not include theories that it later seeks to raise against the defendant's objections.

The exclusion of the evidence of design defect, although improper by motion in limine, was not an abuse of discretion on the part of the trial court. Fraternity's complaints were not sufficient to give fair notice of its intent to assert defective design as a theory at trial. Also, in light of the subsequent filing of the amended complaint, the plaintiff's answers to interrogatories cannot be said to have afforded Strain adequate notice of the defective design theory. The trial court did not commit reversible error in excluding such evidence.

*Issue Two*

The trial court did not err in refusing to grant fraternity's second motion for leave to amend its complaint.

After the court decided that it would exclude the evidence of design defect, the fraternity moved to amend its complaint to include a count of design defect. Appellant argues that the trial court abused its discretion in refusing to allow another amendment to the complaint. We cannot agree.

Indiana Rules of Civil Procedure, Trial Rule 15 deals with the amendment of pleadings. Trial Rule 15(A) provides, in part, that

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, and the action has not been placed upon the trial calendar, he may so amend it at any time within

---

6. Fraternity contends that "even the original complaint should have put Strain on notice because of the nature of the job of the architect—that defective construction itself could result from defective design. *I.e.,* if the heating and air-conditioning system is constructed and installed, and it is defective, it could be because of defective design." Appellant's reply brief at 4.

7. *See* note 5 *supra.*

thirty [30] days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires."

Our courts have noted that the grant or denial of leave to amend under Trial Rule 15(A) is a matter within the sound discretion of the trial court. *Hoosier Plastics v. Westfield Savings & Loan Association,* (1982) Ind.App., 433 N.E.2d 24, 29, *trans. denied; B & D Corp.,* 387 N.E.2d at 481–82; *Selvia v. Reitmeyer,* (1973) 156 Ind.App. 203, 206, 295 N.E.2d 869, 872. As such, this court will reverse the decision of the trial court only upon a manifest showing of abuse of discretion. Fraternity has not demonstrated such an abuse of discretion.

The court may look to a number of factors in determining whether to grant or deny leave to amend. These include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment...."[8] *Selvia,* 156 Ind.App. at 207, 295 N.E.2d at 872, *citing Foman v. Davis,* (1962) 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222. At least several of these factors are present in the instant case. The fraternity's attempt to add an allegation of defective design occurred fifteen years after the cause of action arose and five years after the statute of limitations had run.[9] By attempting to add an allegation of design defect after the ten year statute had run,[10] Strain was prejudiced insofar as he was precluded from bringing an action against the party to whom he had subcontracted the job of producing the specifications and design. Also, fraternity has already once supplemented its complaint and has amended its complaint once, as well, without adding the design defect allegation. Given the delay and prejudice which would result to the appellee if such motion were granted, we cannot say that the trial court abused its discretion in refusing to grant leave to amend the complaint a second time.

Because the trial court did not abuse its discretion in excluding the evidence of design defect or denying leave to file a second amended complaint, we affirm the decision of the trial court in all respects.

Affirmed.

ROBERTSON, P.J., and NEAL, J., concur.

---

**8.** The list is not exhaustive. *See Foman v. Davis,* (1962) 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222.

**9.** Indiana Code section 34–4–20–2 (1982) provides, in part, for a ten year statute of limitations for deficiencies in the design of an improvement to real property.

**10.** Fraternity argues that its design defect claim should not be barred by reliance upon the statute of limitations. It asserts that the claim relates back to the original complaint and is, therefore, saved. Appellant's contention is not correct. Trial Rule 15(C) provides, in part that

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, *within the period provided by law for commencing the action* against him, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him. [Emphasis supplied.]"

While Trial Rule 15(C) expressly speaks only to the addition of a new party, our courts have held that the rule applies *both* to the addition of a new party *and* the stating of an entirely new claim after the statute of limitations has run. *See Gibson v. Miami Valley Milk Producers, Inc.,* (1973) 157 Ind.App. 218, 229, 299 N.E.2d 631, 638, *trans. denied* (1974). While the doctrine of relation back has its place, it is not to be used as a means of circumventing the statute of limitations to assert a claim otherwise barred.