The Falmouth and Lewisville Turnpike Company v. Shawhan.

Filed June 16, 1886.

No. 12,196.

THE FALMOUTH AND LEWISVILLE TURNPIKE COMPANY v. SHAWHAN.

TURNPIKE COMPANY.— *Written Contract.—Assessments on Stock.—Statute of Limitations.—Pleading.*—Where one signs the articles of association of a turnpike company, formed under section 3624, *et seq.*, agreeing therein to take and pay for a certain amount of stock, it is a written contract, the statute entering into and becoming a part of it, and an answer of the six years' statute of limitations, to a complaint to recover an assessment on the stock, is bad.

SAME.—*May Use Line Abandoned by Another Company.—Repairs.*—A turnpike company, organized to construct a road, may take the line abandoned by another company, and to keep its road in repair it may call in stock subscriptions.

PLEADING.—*Single Answer to Several Paragraphs of Complaint.—Practice.*—Where a single answer is filed to two paragraphs of complaint, it is not good on demurrer unless it is sufficient as to both.

From the Rush Circuit Court.

*J. Q. Thomas* and *J. J. Spann,* for appellant.

*G. H. Puntenney* and *A. B. Irvin,* for appellee.

ZOLLARS, J.—Appellant was incorporated in 1876, under section 3624, *et seq.*, R. S. 1881. The purpose of the incorporation, as declared in the articles of incorporation, was to construct and maintain a gravel road. Appellee was one of the incorporators, and a subscriber to the capital stock. He subscribed for eight shares of $25 each. There is this stipulation in the articles of incorporation:

"And we, whose names and residences are hereto affixed,

each severally promises for himself to pay to said company, for the purpose herein set forth, the amount of money set opposite our respective names."

Certificates of stock to the amount subscribed were issued and delivered to appellee. The road was constructed as provided in the articles of incorporation. In August, 1883, the board of directors made an assessment upon the capital stock, and entered an order upon the books of the company that forty per cent. of the amount subscribed should be paid by the subscribers. Thirty days' notice of the assessment, and of the time and place when and where payments would be required, was given in a newspaper printed in the county.

These are the facts, substantially, as set up in the fourth paragraph of the complaint. The articles of incorporation were made a part of this paragraph. The other paragraphs, except the first, went out upon demurrer. The first is upon an account.

To these paragraphs, appellee filed an answer in eight paragraphs. A demurrer was sustained to all of them, except the first and eighth. The first was withdrawn. The demurrer to the eighth was overruled, appellant excepted, and declining to reply, judgment was rendered against it.

The eighth answer sets up that the cause of action stated in the first and fourth paragraphs of the complaint did not accrue within six years before the bringing of the suit. The plea is sufficient in form, and is a good answer to the first paragraph. But as it was filed as an answer to both paragraphs, it is not sufficient to withstand the demurrer unless good as an answer to each one of them.

If the contract set up in the fourth paragraph of the complaint is a contract partially in writing and partially in parol, the six years' limitation applies, and the answer is sufficient. If that contract is a contract wholly in writing, the six years' limitation does not apply, and the answer is not good. We think the contract is clearly a contract in writing. The case is readily distinguishable from the cases of *Board*, etc., v.

*Shipley*, 77 Ind. 553, *High* v. *Board, etc.*, 92 Ind. 580, and *Hackleman* v. *Board, etc.*, 94 Ind. 36, cited by appellee. Here, there are two contracting parties. Appellee became a party to the contract by signing the articles of association, and thus agreeing in writing to take and pay for the stock. There is nothing stated in the articles of incorporation as to when the payments shall be made by him, but the statute provides that the board of directors may require payments from subscribers to the capital stock of the sums subscribed by them, at such times and in such proportions, and on such conditions as they shall see fit; and that they shall give notice of the payments thus required, and of the time and place, when and where to be made, at least thirty days previous to the time when such payments are required, in a newspaper printed in the county, etc. R. S. 1881, section 3636. This section is not only a part of the corporate being of appellant, but prescribes a rule of action in the transaction of its business. Appellee must be held to have contracted with reference to this section. Not only that, but it entered as a silent factor into and became a part of the contract between him and the corporation. He is as much bound by it as he would have been had its terms been written out and embodied in the written contract. *Bryson* v. *McCreary*, 102 Ind. 1, and cases there cited. Appellee's written contract, then, is, that he will pay for the stock in such sums, and at such times, as the board of directors may require, they giving the proper notice. When they make such an order and give such a notice, therefore, nothing is added to the contract, nor are its provisions in any way changed or affected. The making of the order and the giving of the notice amount to nothing more than a call or demand for the money which appellee, by his written contract, has agreed to pay upon such call. The contract is analogous to, and is no more a contract partially in writing and partially in parol, than is a promissory note payable on demand. *Ross* v. *Lafayette, etc., R. R. Co.*, 6 Ind. 297;

The Falmouth and Lewisville Turnpike Company v. Shawhan.

*Howland* v. *Edmonds*, 24 N. Y. 307 ; *Bell* v. *Yates*, 33 Barb. 627.

The action here is upon the written contract. See *Fox* v. *Allensville, etc., T. P. Co.*, 46 Ind. 31 ; *Darrell* v. *Hilligoss, etc., Gravel Road Co.*, 90 Ind. 264. The six years' limitation, of course, does not apply, because, as to such contracts, the limitation is fixed by the statute at ten years. As long as an action upon that contract is not barred by the statute of limitations, so long may the assessments upon the capital stock, made by the board of directors, be collected. See *Foulks* v. *Falls*, 91 Ind. 315.

It is not necessary for us to decide whether the statute will begin to run from the date of the contract, or from the date of the order and notice by the board of directors. We hold that the six years' limitation does not apply, and, therefore, that the answer is bad as an answer to the fourth paragraph of the complaint.

Upon the cross assignment of errors, it is sufficient to say, that we have examined the answers to which a demurrer was sustained, and think that there was no error in sustaining the demurrer to them. We know of no reason why a turnpike company, organized to construct a road, may not take the line of road abandoned by another company, nor why it may not call in stock subscriptions to keep its road in repair.

The first paragraph of the complaint is too uncertain, but the court below sustained a motion to make the bill of particulars more certain. That order may yet be enforced.

Judgment reversed with costs, with instructions to the court below to sustain the demurrer to the eighth paragraph of appellee's answer.

Filed March 2, 1886 ; petition for a rehearing overruled June 17, 1886.