ED SELVIA AND ELIZABETH SELVIA, INDIVIDUALS AND AS HUSBAND AND WIFE *v.* JOHN F. REITMEYER, FERN E. REITMEYER, JAMES POLLITT, CHRISTINA POLLITT, LOUISE POUNDS, HERBERT BEASLEY, ANN BEASLEY, LAVERE MILLER, MARY MILLER.

[No. 1-672A13. Filed May 14, 1973. Rerearing denied June 25, 1973.]

*Norman L. Lowery, Eric A. Frey, Rosenfeld, Wolfe & Frey,* of Terre Haute, for appellants.

*Robert H. Duffy,* of Terre Haute, for appellees.

HOFFMAN, C.J.—The issue presented by this appeal is whether the judgment of the trial court enjoining defendants Ed Selvia and Elizabeth Selvia (both referred to herein as Selvia) from using an access road which was located upon property owned by plaintiffs John F. Reitmeyer, Fern E. Reitmeyer, James Pollitt, Christina Pollitt, Louise Pounds, Herbert Beasley, Ann Beasley, Lavere Miller and Mary Miller (collectively referred to herein as Reitmeyer), was contrary to law.

On and prior to August 7, 1958, Walter B. French (French) and the Maumee Collieries Company (Maumee) were the owners of two adjoining tracts of land upon which was located a strip mine lake. In August 7, 1958, Maumee and French entered into an agreement to effectuate their mutual desire to develop the recreational potential of the strip mine lake.

Appellees (Reitmeyer) are now the owners of a portion of the French property. Another portion of the French property passed by warranty deed from French to Lewis Stine and Frances Stine.

Selvia is the successor in interest of a portion of the Maumee property. Also, Selvia now owns a 40-foot strip of the Stine property which abuts the remainder of the Stine property on one side and the Selvia-Maumee property on the other side.

Upon appellees' property is located an access road, the use

of which is here in controversy. With reference to the location of the access road, the trial court made the following finding of fact:

"4. That the access road has been extended from the lands of the plaintiffs [Reitmeyer] generally to the east onto lands of the defendants [Selvia] and/or their assigns."

Under the foregoing facts the cause of action as is here pertinent evolved as follows: Appellees (Reitmeyer) filed their complaint on May 8, 1969, to enjoin the use by appellants (Selvia) of the access road. An answer denying the material allegations of the complaint was filed on January 29, 1970, by Selvia. Discovery *via* admissions and interrogatories was completed on August 20, 1971. The issues for trial were established at the pretrial conference on September 7, 1971, and trial of the cause was set for Monday, November 1, 1971. On Friday, October 29, 1971, the last day before trial, Selvia filed "Motion to Amend Answer" to plead the defense of laches. Such motion was overruled by the trial court. Trial was to the court which entered judgment in favor of appellees (Reitmeyer) on their complaint for an injunction and restraining and enjoining appellants (Selvia) from trespassing on or using the access road across the property of appellees. The motion to correct errors filed by Selvia was overruled and this appeal followed.

On appeal, appellants first contend that the trial court erred in overruling the motion to amend their answer. Such contention is controlled by the following portion of TR. 15(A), Ind. Rules of Procedure:

"Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires."

The grant or denial of leave to amend under the above quoted portion of TR. 15(A), *supra,* is a matter within the sound discretion of the trial court and reviewable only for an abuse thereof. 6 Wright and Miller, Fed. Pract. & Proc. (1971), § 1484, at 418; 1A

Barron and Holtzoff, Fed. Pract. & Proc. (1960), § 445, at 722. Delay alone is insufficient reason to deny leave to amend, prejudice must be shown. *Hanson* v. *Hunt Oil Company* (8 Cir., 1968), 398 F. 2d 578; but compare *Nevels* v. *Ford Motor Company* (5 Cir., 1971), 439 F. 2d 251, holding that amendments should be tendered no later than pretrial unless compelling justification is shown. In *Foman* v. *Davis* (1962), 371 U.S. 178, at 182, 83 S.Ct. 227, at 230, 9 L.Ed.2d 222, the following were listed as some of the factors to be considered in granting or denying leave to amend:

> "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' "

In the instant case, because of the length of time this cause of action had been pending before trial, because the proposed amendment sought to add an entirely new issue which would probably have necessitated a continuance, because a thorough pretrial conference had been conducted wherein leave to amend could have been sought without prejudice to the opposing party and because leave to amend was not sought until the Friday before trial on Monday, there was no abuse of discretion by the trial court in denying appellants' motion to amend their answer.

Appellants contend that the trial court erred in concluding that they did not acquire "an easement by necessity, an implied easement, or a license to use the access road."

A license in real property is a *personal, revocable,* and *unassignable* privilege to do one or more acts on the land of another without possessing an interest therein. 25 Am. Jur. 2d, *Easements and Licenses,* § 123, at 525. There is "no such right as a license not subject to revoca-

tion and falling short of an easement." *Shirley, et al.* v. *Crabb* (1894), 138 Ind. 200, at 204, 37 N.E. 130, at 132. However, under certain situations a license can take the form of a servitude upon the land of another.

> "Where a license has been executed by an expenditure of money, or has been given upon a consideration paid, it is either irrevocable altogether, or cannot be revoked without remuneration, the reason being that to permit a revocation without placing the other party in *statu quo* would be fraudulent and unconscionable. * * *
>
> "Where a license is coupled with an interest, or the licensee has done acts in pursuance of the license which create an equity in his favor, it cannot be revoked." *Ferguson* v. *Spencer* (1890), 127 Ind. 66, at 68, 25 N.E. 1035, at 1036.

> A right, given in perpetuity, to do an act on the land of another is an easement, but the same must be in writing. *Snowden and Others* v. *Wilas and Others* (1862), 19 Ind. 10.

Here, appellants (Selvia) contend that they acquired a license to use the access road to reach the Selvia-Maumee property from the following provision contained in the 1958 French-Maumee agreement:

> "The cost of maintenance of the various roadways shall be shared equally between the various owners of the real estate using the roadways."

Neither the above quoted provision nor the agreement when read as a whole is a grant to the successors in interest of the Maumee property of the right to extend, improve or use the access road. In the absence of an easement granted in writing between French and Maumee, any parol license granted between them is subject to the general rules set forth above. Even assuming, *arguendo,* such parol license was entered into between Maumee and French, Selvia has not argued the revocability, *vel non,* of the license. Thus, the question becomes whether an easement can be implied in favor of Selvia.

Reitmeyer argues that an easement cannot be implied over

the land of a stranger, *e.g.*, there is no unity of ownership between the property of French and the property of Maumee. Such argument is a correct statement of the law. See: 5 Restatement of Property, § 474, at 2972 (1944).

The doctrine of an implied easement by way of necessity was discussed in *Ritchey et al.* v. *Welsh* (1898), 149 Ind. 214, at 217, 48 N.E. 1031, at 1032, as follows:

> "It is settled law that if one conveys a part of his land in such form as to deprive himself of access to the remainder, unless he goes across the land sold, he has a way of necessity over the portion conveyed. This is because the law presumes an understanding of the parties that the one selling a portion of his land shall have a legal right of access over the part sold to the remainder, if he cannot reach it in any other way. If the part conveyed is in such form that the grantee cannot reach the same except over the part not conveyed, such grantee has a way of necessity thereto over the land of the grantor, not conveyed, for the reason that the law presumes that one would not sell his land to another without an understanding that the grantee should have a legal right of access thereto over the part not conveyed." (Citing authorities.)

In *State ex rel. McNutt* v. *Orcutt* (1936), 211 Ind. 523, at 527, 199 N.E. 595, at 597, it is stated:

> "It is unquestionably the rule that the right to a way of necessity cannot arise against the lands of a stranger. The right can only be asserted where the tract claiming the right of way and that over which it is claimed descended from a common owner." See also: *Moore* v. *Ind. & Mich. Electric Co.* (1950), 229 Ind. 309, 314, 95 N.E.2d 210.

Where a way of necessity or another form of easement is created in favor of a dominant tenement and a portion of the dominant tenement is transferred to a new owner, the new owner acquires a right to use the easement over the servient tenement. Annot., 10 A.L.R. 3d 960 (1966), and cases there cited. However, the latter rule is subject to the following limitation as stated at 962 of 10 A.L.R. 3d:

"As a general rule, if the increased or additional use or burden brought about by the subdivision of the dominant tenement materially burdens the servient estate, the courts will not allow the right-of-way easement to pass to the subsequent purchasers of the subdivided parts. Whether or not the increased or additional use would amount to an unreasonable burden is a question of fact." (Footnotes omitted.)

In the instant case, Selvia has a right-of-way over the remainder of the Stine property to reach that portion of the Stine property which Selvia now owns. *Logan* v. *Stogsdale* (1890), 123 Ind. 372, 24 N.E. 135. Moreover, because of the original unity of ownership by French of the Stine property and the Reitmeyer property, Selvia has a means of ingress and egress to the 40-foot strip of the Stine property which he now owns so long as their use of the Reitmeyer property does not amount to an unreasonable burden on that land.

However, a right-of-way appurtenant to one parcel of land may not be subjected to use by other premises to which the easement is not appurtenant. *Halsrud* v. *Brodale* (1955), 247 Iowa 273, 72 N.W.2d 94; *M'Cullough* v. *Broad Exch. Co.* (1905), 101 App. Div. 566, 92 N.Y.S. 533; *Penn Bowling Recreation Center* v. *Hot Shoppes* (1949), 86 App. D.C. 58, 179 F. 2d 64, 16 A.L.R. 2d 602; *Mendez* v. *Bowie* (1 Cir., 1941), 118 F. 2d 435; *Knotts* v. *Summit Park Co.* (1924), 146 Md. 234, 126 A. 280.

Here, Selvia may not use the access road to reach the Selvia-Maumee property. In the factually similar case, *Knotts* v. *Summit Park Co.*, *supra*, such misuse was held to constitute a forfeiture.

In *Knotts*, the plaintiffs alleged an easement across the defendants' property which was appurtenant to a small tract of land owned by plaintiffs. Plaintiffs also owned a larger tract adjacent to the small tract to which the easement was appurtenant and sought to use the easement to benefit both tracts. At 242-243 of 146 Md., at 283 of 126 A., the court held:

"But, if there had not then been an abandonment of the easement, the necessarily increased burden upon the servient estate brought about by the development of the entire tract, of which the dominant tenement formed a small part, worked an abandonment. By reference to the plat filed in the case it will be seen that, by the opening of the roads running north and south through other parts of the tract and connecting them with the avenue running east and west through the entire tract, easy access was given to the old right of way to all lot holders, including those outside of the dominant estate, who are many times the number of those in said estate.

"It is not a satisfactory answer to say that the use of this right of way must be only for the benefit of the lots within the dominant estate. A condition has been created by the act of appellee which makes it impossible, as a practical proposition, for appellant to confine the use to such lots. Tiffany's Real Property (1903 Ed.) p. 733; 9 R.C.L. p. 814, § 70."

The controversy in the instant case concerns the use of the access road to benefit the Selvia-Maumee property. The trial court found the use of the access road by Selvia to constitute a trespass. The authorities hereinabove cited support such finding as to the Selvia-Maumee property, and the judgment of the trial court is, to such extent, affirmed.

However, the axiom that the law does not favor forfeitures applies to easements. Misuser of an easement does not permit forfeiture unless, as in *Knotts,* it is impossible to sever the increased burden in such a way as to preserve to the dominant tenement that to which it is entitled. *Halsrud* v. *Brodale, supra.* 28 C. J. S., *Easements,* § 62, at 729. Such determination would ordinarily be a question for the trial court but appellees, in their brief filed herein, have conceded that Selvia may use the access road to reach the Selvia-Stine property, as follows:

"The Plaintiffs-Appellees believe that the judgment granting the injunction should stand, but that it should be modified to read that the defendants are entitled to use said access road for the purpose of reaching the * * * property, deeded to them by Lewis Stine."

Therefore, the judgment of the trial court should be modified to permit appellants (Selvia) access to the 40-foot strip of the Stine property which they now own, to be used only for the enjoyment of said 40-foot strip provided the same does not create an unreasonable burden on the servient estate.

Appellants also contend that "the trial court erred in concluding that Selvia trespassed upon the access road involved when there was no evidence that Reitmeyer had a possessory interest therein." Such contention is misplaced. Reitmeyer did not complain of trespass on the easement. Reitmeyer complained of and sought to enjoin trespass on the real estate.

Selvia contends that "the trial court erred in granting the permanent injunction without finding that Reitmeyer had no adequate remedy at law."

The law is well-settled that an injunction is a proper remedy to prevent a continued trespass. *Harris* v. *Krekler* (1943), 113 Ind. App. 190, 46 N.E.2d 267 (transfer denied) ; *Evans* v. *Shephard* (1924), 81 Ind. App. 147, 142 N.E. 730; *Fisher* v. *Carey* (1918), 67 Ind. App. 438, 119 N.E. 376.

The judgment of the trial court is affirmed in part and reversed in part with instructions to the trial court to modify its judgment in accordance with this opinion.

Sharp and Staton, JJ., concur.

NOTE.—Reported at 295 N.E.2d 869.