**INDIANA STATE HIGHWAY COMMIS-
SION, State of Indiana,
Appellant (Plaintiff),**

v.

**AMOCO OIL COMPANY, (Standard Oil
Company), Appellee (Defendant),**

**and**

**Everett D. Spurlock, Appellee
(Intervenor).**

**No. 2–485–A–108.**

Court of Appeals of Indiana,
Second District.

June 24, 1986.

Linley E. Pearson, Atty. Gen., Daniel P. Miller, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellant (plaintiff).

William P. Wooden, Wooden, McLaughlin and Sterner, Indianapolis, Russell H. Hart, Stuart and Branigin, Lafayette, for appellee (defendant) Amoco Oil Co.

Louis Pearlman, Pearlman and Chosnek, Lafayette, for appellee (intervenor) Everett D. Spurlock.

BUCHANAN, Chief Judge.

CASE SUMMARY

Plaintiff-appellant Indiana State Highway Commission (Commission) appeals the trial court's refusal to order the removal of a service station sign in a judgment favoring defendant-appellee Amoco Oil Company (Amoco) and intervenor-appellee Everett Spurlock, claiming the trial court erred when it determined that the sign was "on premise" and therefore not prohibited by Ind.Code 8–12–2–3 (Supp.1985).

We reverse.

## FACTS

Prior to the events in question here, Congress announced its intention to "promote the safety and recreational value of public travel, and to preserve natural beauty" by enacting the Highway Beautification Act of 1965, codified at 23 U.S.C. § 131 (1982). In order to achieve its objective, Congress encouraged states to control advertising signs adjacent to interstate highways. 23 U.S.C. § 131(a). Those states not controlling interstate signs in conformance with the standards of 23 U.S.C. § 131 were to be penalized by a ten per cent reduction in their federal highway funds. 23 U.S.C. § 131(b). Indiana complied with the requirements of 23 U.S.C. § 131 by adopting the Highway Advertising Control Act of 1967. IC 8–12–2–1 to –17.

Sometime after October 4, 1971, Amoco erected a tall business sign in Tippecanoe County within 660 feet of Interstate 65. While the sign is on property owned by Amoco, the sign property is separated from the Amoco service station by three intervening properties: a Signature Inn motel, a Bob Evans restaurant, and a Denny's restaurant. The parties jointly stipulated that Amoco had an interest in the three intervening properties by way of a perpetual easement fifteen feet wide running between its service station and the sign property.

The Commission filed its complaint on August 27, 1974, alleging that the sign was prohibited by IC 8–12–2–3. A decision by the court granting summary judgment to Amoco was reversed and remanded by the Court of Appeals in *Indiana State Highway Comm'n v. Amoco Oil Co.* (1980), Ind.App., 406 N.E.2d 1222. After remand the cause was tried to the bench on December 18, 1984.

At trial, the Commission argued that Amoco's sign was subject to the prohibition of IC 8–12–2–3, which provides:

*"No sign shall be erected or maintained in an adjacent area* [1] *after January 1, 1968, except the following:*

(a) Directional, official signs and notices.

(b) Signs advertising the sale or lease of property upon which they are located.

(c) *Signs advertising activities conducted or maintained on the property on which they are located.*

(d) Signs located or to be located in areas which comply, or will comply when erected, with the provisions of section 4 [8–12–2–4] of this chapter."

(emphasis supplied). In the Commission's view, Amoco's sign was prohibited because it failed to satisfy any of these exceptions.

In its defense, Amoco presented the testimony of Thomas Buehler (Buehler), a Senior Real Estate Attorney for Amoco, who stated, in his opinion, Amoco's sign was "on the premises." Buehler testified:

"A  Yes. We purchased—finally purchased the parcel upon upon [sic] which rests right now our service station premises along with the parcel leading up to and including the sign that we have on the premises right now.

Q  Okay. Are all those properties connected together?

A  Yes, Sir.

Q  That includes the place where the— the station building and the pumps are located and the sign.

A  Yes, Sir. We have ownership interest in all three parcels, or actually one parcel, but it's connected three different ways.

Q  Are all these properties contiguous?

A  Yes, Sir.

. . . .

Q  Do you have an opinion as to whether or not the Amoco sign located at the Northwest quadrant of State Road 26 and I–65 is an on premise sign?

1.  "*'Adjacent area' means an area which* on or at any time after September 1, 1965, *is adjacent to and within six hundred sixty feet of the nearest edge of the right-of-way of any interstate or primary highway,* which six-hundred-sixty-foot distance shall be measured horizontally along a line normal or perpendicular to the center line of the highway."
IC 8–12–2–2(e) (emphasis supplied).

. . . .

A Yes, Sir. . . . I believe that sign is contiguous [sic] or on the premises."

*Record* at 100–01. Other testimony presented by Amoco echoed the opinion that the sign was "on premise."

The trial court found in favor of Amoco and, pursuant to a request by the Commission, entered special findings of fact. The trial court adopted without modification the findings of fact and conclusions of law proposed by Amoco. Specifically, the trial court concluded that, by virtue of Amoco's perpetual easement in the properties between the service station and the sign, the sign was "on premise" and therefore not prohibited under IC 8–12–2–3. *Record* at 59–60. The Commission now appeals from the denial of its timely motion to correct error.

### ISSUE

We need address only one issue presented by the Commission:

Did the trial court err when it ruled that Amoco's sign was "on premise" and therefore was permitted by exception (c) of IC 8–12–2–3?

### DECISION

PARTIES' CONTENTIONS—The Commission contends that the trial court erred when it ruled that Amoco's sign was not prohibited by IC 8–12–2–3. The Commission argues that Amoco's sign falls outside the plain language of IC 8–12–2–3(c) which permits signs only when they are located on the property where the advertised activity is conducted.

Amoco replies that the trial court could reasonably determine on the basis of the easement running from the filling station property to the sign that the sign was "on premise" and that it was therefore exempt from the sign prohibition of IC 8–12–2–3. CONCLUSION—The trial court erred in determining that Amoco's sign was "on premise" and therefore exempt from the prohibition of 8–12–2–3.

For our purposes, the relevant statute controlling Amoco's highway sign is IC 8–12–2–3(c) which provides that signs shall not be erected in an adjacent area except when the signs advertise "activities conducted or maintained on the property on which they are located." At trial, however, Amoco presented testimony that its sign was "on premise," apparently equating that phrase with the statutory language of IC 8–12–2–3(c). Amoco thus interpreted the exception of IC 8–12–2–3(c) to be applicable to "on premise" signs and then sought to establish by expert testimony that its sign was "on premise." Reduced to its essence, Amoco's argument was that its easement running from the service station to its sign property created one business premise.

We can find no justification for Amoco's substitution of the phrase "on premise" for the specific statutory language of IC 8–12–2–3(c). As frequently said, in construing a statute we "ascertain and give effect to the intent of the legislature. In doing so we must give meaning to the language used, where that language is clear and unambiguous." *Dague v. Piper Aircraft Corp.* (1981), 275 Ind. 520, 524, 418 N.E.2d 207, 210. *See also* 2A N.J. SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 45.02 (1984). Further, when the statute is plain and unambiguous, words cannot be substituted to reach a construction which differs from what the legislature clearly intended. *Kemper v. Warren Petroleum Corp.* (1983), Ind.App., 451 N.E.2d 1115, *trans. denied.* Amoco's substitution of the "on premise" language amounts to no more than a semantic sleight of hand, a subterfuge to distort the true meaning of IC 8–12–2–3(c).

IC 8–12–2–3(c) permits signs advertising activities conducted *on the property* where the signs are located. That the statute is referring to a physical subdivision of land is plain from its use of the phrase "*on* the property." The facts were undisputed that Amoco's sign was separated from the service station property by three intervening tracts of land serving other businesses. It

would defy common sense and the plain meaning of the statute to say in this situation that Amoco's sign was *on* the same property or division of land where Amoco's service station activities were conducted.

Further, we are not persuaded by Amoco's attempts to portray their easement as creating one property from separate properties. While it is true that an easement is an interest in land, it does not follow that an easement is a sufficient property interest for purposes of IC 8–12–2–3(c). In fact, by definition, an easement is a right to do an act on the land of another. *Selvia v. Reitmeyer* (1973), 156 Ind.App. 203, 295 N.E.2d 869. It is also true that "[a] land owner cannot possess an easement in his own property." *Enderle v. Sharman* (1981), Ind.App., 422 N.E.2d 686, 693. Thus, implicit in Amoco's claim of an easement is the admission that the property is that of another. An easement running between two parcels is simply too tenuous an interest to create a single property for purposes of IC 8–12–2–3(c).

Amoco's sign fails to satisfy the exception of IC 8–12–2–3(c) and it therefore falls within the general prohibition of such signs under IC 8–12–2–3. For this reason, the Commission is entitled to a judgment in its favor ordering the removal of the sign.

Reversed and remanded for proceedings consistent herewith.

SHIELDS, J., concurs.

SULLIVAN, J., concurs in result.