**HONEYWELL, INC.; Micro Switch, Inc.; and Crescent Electric Supply Company, Inc., Appellants (Defendants Below)**

v.

**Patricia J. WILSON, Appellee (Plaintiff Below).**

**No. 20A03–8603–CV–94.**

Court of Appeals of Indiana, Third District.

Dec. 8, 1986.

Rehearing Denied Jan. 21, 1987.

Arthur A. May, Robert J. Palmer, May, Oberfell, Helling & Lorber, South Bend, for appellants Honeywell, Inc. and Micro Switch, Inc.

Richard D. Bonewitz, Hammerschmidt, Bonewitz & Amaral, South Bend, for appellant Crescent Elec. Supply Co., Inc.

Darrell J. Hiatt, Elkhart, for appellee.

HOFFMAN, Judge.

Defendants-appellants, Honeywell, Inc., its wholly owned subsidiary Micro Switch, Inc. (collectively referred to as "Micro Switch") and Crescent Electric Supply Company, Inc. (Crescent Electric), appeal from an adverse judgment entered in the plaintiff's, Patricia Wilson, products liability action. The facts relevant to disposition of this appeal are as follows.

On December 4, 1981 Patricia Wilson was employed by CTS Corporation in Elkhart, Indiana. Her job involved operating a press which was controlled by two palm buttons. The dual palm buttons were a safety feature, because the press was not designed to operate unless both buttons were pressed. On December 4, while she was freeing a stuck part, Wilson accidently touched the right palm button with her

arm. Unexpectedly the press descended, injuring her hand.

Subsequent investigation revealed that the left palm button was inoperative, permitting the machine to operate with only the right palm button. The switch within the left palm button was manufactured by Micro Switch. Crescent Electric, in turn, supplied the switch to CTS Corporation.

It is unnecessary to address all the issues that appellants' raise because the first issue is dispositive. Restated, this issue is: Was the statute of limitations defense properly raised?

The appellants filed separate summary judgment motions on the basis of the ten-year products liability statute of limitations. IND. CODE § 33-1-1.5-5 (1986 Supp.). The record shows that neither Micro Switch, nor Crescent Electric raised the statute of limitations in their answers to the complaint which had been filed on December 1, 1983. At that point none of the parties was aware that the statute of limitations was an issue. In the course of discovery, Micro Switch and Crescent Electric became aware that the switch involved bore a production number that indicated it had been manufactured in 1968.

This information was communicated, orally, to plaintiff on August 17, 1984 and in writing on September 20, as part of the defendants' proposed contentions for trial. The pre-trial conference was held on October 5, and at that time the defendants filed their summary judgment motions. The conference was continued and a hearing was scheduled for October 19. On that day plaintiff filed a motion to strike, which the court granted on October 24 and proceeded to trial on October 29, 1984.

In granting plaintiff's motion to strike, the court issued a written opinion which held that it is not permissible to raise the statute of limitations by summary judgment. The trial court held that the defense was waived since it had not been pleaded and since the answers had not been amended.

This ruling is clearly erroneous and mandates reversal. The Indiana Supreme Court in *Shideler v. Dwyer* (1981), 275 Ind. 270, 417 N.E.2d 281, clearly held that a statute of limitations defense may properly be raised by a motion for summary judgment. *See also, Horvath v. Davidson* (1970), 148 Ind.App. 203, 264 N.E.2d 328. This follows from the basic policies underlying the modern Indiana Rules of Trial Procedure. These rules are designed to avoid pleading traps and, to the greatest extent possible, ensure that cases are tried on the issues that their facts present. Thus the focus is not on the technical procedure used to raise the issue, but on the issue's legal merits.

■ The presumption is that issues can be raised as they, in good faith, are developed. This presumption can be rebutted by the party against whom the new issue is raised by an affirmative showing of prejudice. *Selvia et ux. v. Reitmeyer et al.* (1973), 156 Ind.App. 203, 295 N.E.2d 869, *reh. denied.* In this context, delay alone does not constitute sufficient prejudice to overcome the presumption. *Selvia, supra.* Instead there must be a showing that the party in opposition will be deprived of, or otherwise seriously hindered in the pursuit of some legal right if injection of the new issue is permitted. *See, e.g., State Farm v. Shuman, Admx.* (1977), 175 Ind.App. 186, 370 N.E.2d 941, *trans. denied.*

■ In the present case, the statute of limitations issue was found only after the discovery phase. The plaintiff received oral notice of the issue almost two and a half months before trial and written confirmation five weeks before trial. In her motion to strike, the plaintiff's argument was that the defendants had not followed the procedure set out in Ind. Rules of Procedure, Trial Rule 8(C). On appeal Wilson reiterates this argument and now also argues delay and the lack of time to properly respond to the issue. Clearly this does not rise to the level of prejudice necessary to bar an otherwise genuine issue. Accord-

ingly this cause is reversed and remanded for further proceedings.

Reversed and remanded.

STATON, P.J., and CONOVER, P.J., participating by designation, concur.