

**FILED**

Sep 08 2016, 10:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

J. Thomas Vetne
Jones Obenchain, LLP
South Bend, Indiana

ATTORNEY FOR APPELLEE

Terry K. Hiestand
Hiestand Law Office
Chesterton, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| V. Ganz Builders and Development Co., Inc., and Vladimir Ganz, <br><br> *Appellants-Defendants,* <br><br> v. <br><br> Pioneer Lumber, Inc., <br><br> *Appellee-Plaintiff* | September 8, 2016 <br><br> Court of Appeals Case No. 64A03-1602-CC-432 <br><br> Appeal from the Porter Superior Court <br><br> The Honorable William E. Alexa, Judge <br><br> Trial Court Cause No. 64D02-1211-CC-11607 |

**Crone, Judge.**

## Case Summary

V. Ganz Builders and Development Co., Inc. ("VGB"), signed an application for a line of credit with Pioneer Lumber, Inc. ("Pioneer"), and also signed a credit account agreement. The line of credit was secured by a personal guaranty agreement signed by VGB's president, Vladimir Ganz. Pioneer sued

VGB and Ganz (collectively "Appellants") for breach of contract and to enforce the guaranty. Appellants filed a counter motion for summary judgment, asserting that Pioneer's claims were time-barred by the applicable statute of limitations. The trial court denied the motion, finding that Appellants waived this defense by failing to plead it in their answer to Pioneer's complaint. After a bench trial, the court entered judgment in Pioneer's favor. Appellants filed a motion to correct error, which was denied.

Appellants now appeal. As preliminary matters, Pioneer contends that Appellants failed to preserve their appellate rights and that they may not challenge the summary judgment order. Because Appellants' motion to correct error was timely filed, and because the summary judgment order was not a final judgment, we disagree. For their part, Appellants assert that the trial court erred in finding that they waived their statute of limitations defense and in denying their counter motion for summary judgment. Because Pioneer has not affirmatively shown that it was prejudiced by Appellants raising the defense on summary judgment, and because Pioneer's claims against Appellants were untimely filed, we reverse and remand with instructions to enter summary judgment in Appellants' favor.

## Facts and Procedural History

In 1996, VGB signed an application for a line of credit with Pioneer and also signed a credit account agreement. The line of credit was secured by a personal

guaranty agreement signed by Ganz.[1] VGB used the line of credit to purchase tools and building supplies from Pioneer. Two accounts were governed by the line of credit: the General Account and the Real Estate Account. In November 2012, Pioneer filed a complaint against Appellants, alleging that VGB had breached the credit account agreement by failing to make timely payments on its purchases and that Ganz had defaulted on the guaranty agreement by failing to pay VGB's debts. Pioneer's complaint alleged that "[t]he last date upon which materials were purchased by [VGB] from Pioneer … was March 27, 2006" and that Appellants owed Pioneer over $40,000 in unpaid balances plus finance charges and attorney's fees. Appellants' App. at 25. In January 2013, Appellants filed an answer and affirmative defenses to Pioneer's complaint.

[4] In January 2014, Pioneer filed a motion for summary judgment as to both liability and damages. In April 2014, Appellants filed a counter motion for summary judgment, asserting for the first time that Pioneer's claims were time-barred by the six-year limitation on actions on accounts and contracts not in writing under Indiana Code Section 34-11-2-7. On July 3, 2014, the trial court issued an order granting Pioneer's summary judgment motion as to liability

---

[1] Black's Law Dictionary (10th ed. 2014) defines guaranty in pertinent part as "[a] promise to answer for the payment of some debt … in case of the failure of another who is liable in the first instance[.]" In its summary judgment order, the trial court perceptively noted that the agreement held Ganz and VGB jointly and severally liable on VGB's unpaid debts, and therefore it was questionable whether "the agreement here is a guaranty agreement, a surety agreement, or whether it is a difference without a meaning. For the purposes of the matters presented at bar, however, it seems to be of no difference." Appellants' App. at 11 n.1. The trial court referred to the agreement as a guaranty agreement for clarity's sake and noted that neither party had raised any issue regarding its legal character. For the same reasons, we also refer to the agreement as a guaranty agreement.

only and denying Appellants' counter motion for summary judgment.[2]  The court found that Appellants waived the statute of limitations defense by failing to plead it in their answer.  Appellants filed a motion to correct error, which the trial court denied.[3]

[5]  A bench trial on damages was held on November 19, 2015, and the trial court took the matter under advisement.  *See* Trial Tr. at 63 ("The only thing I see here is to look at the statute and see what it computes and says.  I'll let you know.").  In an order file-stamped and signed on December 2, 2015, the trial court entered judgment in Pioneer's favor for over $61,000 in unpaid balances, finance charges, and attorney's fees.  The last line of the order reads, "ALL OF WHICH IS DONE on this 2nd day of December, 2015, nunc pro tunc November 20, 2015."  Appellants' App. at 9 (underlining omitted).  The order was noted in the chronological case summary ("CCS") on December 8, 2015.  *Id*. at 5.

[6]  Indiana Trial Rule 59(C) provides that a motion to correct error, "if any, shall be filed not later than thirty (30) days after the entry of a final judgment is noted in the [CCS]."  Appellants filed a motion to correct error on December 31, 2015, less than thirty days after the entry of the trial court's order was noted in the CCS but more than thirty days after the order's nunc pro tunc date.  In their

---

[2] The order was not noted in the chronological case summary until August 27, 2014.  Appellants' App. at 4.

[3] Indiana Trial Rule 59 provides that a motion to correct error is to be filed "after the entry of a final judgment[.]"  As discussed below, the summary judgment order was not a final judgment.

motion, Appellants again argued that Pioneer's claims were time-barred and asked the court to grant its counter motion for summary judgment. Pioneer filed a statement in opposition, arguing that Appellants should have but failed to appeal the trial court's denial of their counter motion for summary judgment and that their motion to correct error was untimely because it should have been filed within thirty days of the nunc pro tunc date. On February 5, 2016, the trial court issued an order summarily denying Appellants' motion to correct error without commenting on its timeliness. The order was noted in the CCS on February 16, 2016. Appellants' App. at 6.[4]

[7] Indiana Appellate Rule 9(A)(1) provides in relevant part that if a party "files a timely motion to correct error, a Notice of Appeal must be filed within thirty (30) days after the court's ruling on such motion is noted in the [CCS.]" Appellants filed a notice of appeal on February 26, less than thirty days after the trial court's ruling on their motion to correct error was noted in the CCS. Additional facts will be provided below.

---

[4] Indiana Trial Rule 77(B) provides that "[n]otation of judicial events in the [CCS] shall be made promptly[.]" The fifty-five-day delay in notating the July 3 order, the six-day delay in notating the December 2 order, and the eleven-day delay in notating the February 5 order are not in keeping with either the letter or the spirit of the rule.

# Discussion and Decision

## Section 1 – Appellants' motion to correct error was timely filed.

As a threshold matter, we address Pioneer's citation-free argument that Appellants failed to preserve their appellate rights because they did not file their motion to correct error within thirty days of the December 2 order's November 20 nunc pro tunc date. Pursuant to Trial Rule 59(C), the event that triggered the thirty-day deadline was the notation of the order in the CCS, which occurred on December 8. Appellants filed their motion to correct error on December 31, well within the thirty-day deadline. Thus, Pioneer's argument is without merit.[5]

## Section 2 – The summary judgment order was interlocutory, and therefore Appellants may challenge the trial court's ruling that they waived their statute of limitations defense.

Pioneer also argues that Appellants may not challenge the trial court's ruling that they waived their statute of limitations defense because they failed to appeal the summary judgment order. We disagree. Indiana Trial Rule 56(C) states,

---

[5] Given our resolution of this issue, we need not address Appellant's challenge to the propriety of the nunc pro tunc entry. We note, however, that the purpose of such an entry is "to supply an omission in the record of action really had, but omitted through inadvertence or mistake." *Cotton v. State*, 658 N.E.2d 898, 900 (Ind. 1995) (citation and quotation marks omitted). There is no indication that an order was issued but not recorded on November 20.

> A summary judgment upon less than all the issues involved in a claim or with respect to less than all the claims or parties shall be interlocutory unless the court in writing expressly determines that there is no just reason for delay and in writing expressly directs entry of judgment as to less than all the issues, claims or parties.

The trial court entered summary judgment upon less than all the issues and did not expressly direct entry of judgment as to less than all the issues. Thus, the summary judgment order here was interlocutory. And our supreme court has stated that "[a] claimed error in an interlocutory order is not waived for failure to take an interlocutory appeal but may be raised on appeal from the final judgment." *Bojrab v. Bojrab*, 810 N.E.2d 1008, 1015 (Ind. 2004). That is what Appellants have done here, and properly so.

## Section 3 – The trial court erred in finding that Appellants waived their statute of limitations defense.

[10] We now address Appellants' argument that the trial court erred in finding that they waived their statute of limitations defense by failing to plead it in their answer. Indiana Trial Rule 8(C) states that a responsive pleading, such as an answer, "shall set forth affirmatively and carry the burden of proving … statute of limitations … and any other matter constituting an … affirmative defense." In its summary judgment order, the trial court acknowledged that a statute of limitations defense may be raised for the first time in a summary judgment motion, citing *Honeywell, Inc. v. Wilson*, 500 N.E.2d 1251 (Ind. Ct. App. 1986), *trans. denied* (1987). In *Wilson*, the plaintiff was injured by a press with a faulty safety switch and sued Honeywell and other defendants in 1983. The

defendants were unaware that the ten-year products liability statute of limitations was an issue when they filed their answer and did not plead it as an affirmative defense. Only during discovery did they become aware that the switch had been manufactured in 1968. The defendants raised the statute of limitations issue in a summary judgment motion, which the trial court denied on the basis that "it is not permissible to raise the statute of limitations by summary judgment. The trial court held that the defense was waived since it had not been pleaded and since the answers had not been amended." *Id*. at 1252.

[11] Our Court disagreed with this determination:

> The Indiana Supreme Court in *Shideler v. Dwyer* (1981), 275 Ind. 270, 417 N.E.2d 281, clearly held that a statute of limitations defense may properly be raised by a motion for summary judgment. *See also, Horvath v. Davidson* (1970), 148 Ind. App. 203, 264 N.E.2d 328. This follows from the basic policies underlying the modern Indiana Rules of Trial Procedure. These rules are designed to avoid pleading traps and, to the greatest extent possible, ensure that cases are tried on the issues that their facts present. Thus the focus is not on the technical procedure used to raise the issue, but on the issue's legal merits.
>
> The presumption is that issues can be raised as they, in good faith, are developed. This presumption can be rebutted by the party against whom the new issue is raised by an affirmative showing of prejudice. *Selvia et ux. v. Reitmeyer et al.* (1973), 156 Ind. App. 203, 295 N.E.2d 869, *reh. denied*. In this context, delay alone does not constitute sufficient prejudice to overcome the presumption. *Selvia, supra*. Instead there must be a showing that the party in opposition will be deprived of, or otherwise seriously hindered in the pursuit of some legal right if injection of the new

issue is permitted. *See, e.g., State Farm v. Shuman, Admx.* (1977), 175 Ind. App. 186, 370 N.E.2d 941, *trans. denied*.

In the present case, the statute of limitations issue was found only after the discovery phase. The plaintiff received oral notice of the issue almost two and a half months before trial and written confirmation five weeks before trial. [Wilson argued before the trial court] that the defendants had not followed the procedure set out in … Trial Rule 8(C). On appeal Wilson reiterates this argument and now also argues delay and the lack of time to properly respond to the issue. Clearly this does not rise to the level of prejudice necessary to bar an otherwise genuine issue.

*Id*.

[12] In finding that Appellants waived their statute of limitations defense in this case, the trial court stated,

The key to the Court's holding in *Wilson*, was that there was no way for the defendants to know the age of the electrical component within the piece of machinery - and thereby, that the statute of limitations was a defense available to them - until after at least some discovery had taken place. Not only would this necessarily be after defendants filed the responsive pleading, but also very likely beyond the time frame in which defendants are freely allowed to amend the responsive pleading under Ind. T.R. 15(A). Because, in *Wilson*, the discovery introduced material not within the four corners of the complaint, the appropriate motion to make was one for summary judgment.

The case at bar, however, is wholly inapposite to *Wilson*. [VGB] was certainly on notice as to the last date in which [VGB] charged the cost of goods purchased from Pioneer to the Accounts, as [VGB] was the one who made the purchases and had them charged to the Accounts. Thus, [VGB] knew, or

should have known, the dates of the last charges on each accounts, and thereby had knowledge of the requisite information to claim a statute of limitations defense at the time it filed its responsive pleading. It did not, however, and this Court holds [VGB] thereby waived the defense.

….

[Ganz], as President and Incorporator of [VGB], certainly knew, or should have known, of the last charge or payment made to the Accounts at issue here at the time the responsive pleading was filed. Because [Ganz] did not raise the defense of statute of limitations, he waived it.

Appellants' App. at 19, 21.

[13]    Based on our reading of *Wilson*, we think that the trial court improperly focused on when Appellants should have known of the availability of the defense instead of whether Pioneer suffered any prejudice as a result of when the defense was raised. *See Borne v. Nw. Allen Cnty. Sch. Corp.*, 532 N.E.2d 1196, 1199 (Ind. Ct. App. 1989) ("The focus of our analysis in [*Wilson*] then, was not whether the defendant could have raised his affirmative defense earlier, but instead, whether the defendant's failure to raise the affirmative defense earlier prejudiced the plaintiff."), *trans. denied* (1990). Pioneer has made no affirmative

showing of prejudice here.[6]  Therefore, we conclude that the trial court erred in finding that Appellants waived their statute of limitations defense.

## Section 4 – VGB is entitled to summary judgment on its statute of limitations defense.

[14]  Having determined that Appellants' defense remains viable, we must now consider whether they are entitled to summary judgment based on that defense. "The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which can be determined as a matter of law." *Lamb v. Mid Indiana Serv. Co.*, 19 N.E.3d 792, 793 (Ind. Ct. App. 2014).

> Our standard of review is identical to that of the trial court: whether there exists a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. Appellate review of a summary judgment motion is limited to those materials designated to the trial court.  In addition, all facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party.

*Id*. (citations omitted).  "Special findings are not required in summary judgment proceedings and are not binding on appeal.  However, such findings offer this court valuable insight into the trial court's rationale for its review and facilitate

---

[6] Pioneer says only that it "would be unfairly prejudiced by being asked to contend with a statute of limitations affirmative defense that was not properly pleaded, but allowed anyway as a potential impediment to the collection of monies that Ganz does not deny that he owes."  Appellee's Br. at 5.  Pioneer's argument ignores the fact that it slept on its rights for over half a decade and that statutes of limitation "afford a measure of fairness to defendants and preserve the truth-finding function of courts" by barring stale claims. *Gill v. Evansville Sheet Metal Works, Inc.*, 970 N.E.2d 633, 637 n.4 (Ind. 2012).  Also, we note that only during discovery was it determined that VGB's last purchase from Pioneer was actually made on February 21, 2006, more than a month earlier than alleged in Pioneer's complaint.

appellate review." *Warren v. Warren*, 952 N.E.2d 269, 273 (Ind. Ct. App. 2011) (citation omitted).

[15] Statutes of limitation "are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost." *Russo v. S. Developers, Inc.*, 868 N.E.2d 46, 48 (Ind. Ct. App. 2007). "They are enacted upon the presumption that one having a well-founded claim will not delay in enforcing it." *Morgan v. Benner*, 712 N.E.2d 500, 502 (Ind. Ct. App. 1999), *trans. denied*. "A statute of limitations defense is particularly appropriate for summary judgment determination." *Stickdorn v. Zook*, 957 N.E.2d 1014, 1021 (Ind. Ct. App. 2011). When a statute of limitations defense is asserted, the moving party must first make a prima facie showing that the action was commenced outside the statutory period. *Id*. That burden is satisfied by demonstrating "(1) the nature of the plaintiff's action, so that the relevant statute of limitations period may be identified; (2) the date the plaintiff's cause of action accrued; and (3) the date the cause of action was brought, being beyond the relevant statutory period." *McMahan v. Snap On Tool Corp.*, 478 N.E.2d 116, 120 (Ind. Ct. App. 1985). "Only when the moving party demonstrates these matters properly does the burden shift to the opponent of the summary judgment motion to establish facts in avoidance of the statute of limitations defense." *Id*.

[16] In their counter motion for summary judgment, Appellants characterized Pioneer's claims as actions on "accounts and contracts not in writing" subject

to the six-year limitation period of Indiana Code Section 34-11-2-7. Also, they asserted that the accrual date was governed by Indiana Code Section 34-11-3-1, which provides that "an action brought to recover a balance due upon a mutual, open, and current account between the parties … is considered to have accrued from the date of the last item proved in the account on either side." Appellants designated evidence that VGB last made a charge against the General Account on January 26, 2006, and against the Real Estate Account on February 21, 2006. Appellants asserted that Pioneer's causes of action accrued on those dates and therefore its November 2012 complaint was brought beyond the six-year statutory period.

[17] Appellants based their arguments on *Smither v. Asset Acceptance, Inc.*, 919 N.E.2d 1153 (Ind. Ct. App. 2010), which involved the collection of an alleged defaulted credit card debt. Presumably because of the account agreement between the issuing bank and the debtor, the parties in that case "proceed[ed] upon the assumption that the proper statute of limitations" was Indiana Code Section 34-11-2-9, which governs actions upon promissory notes and other written contracts for the payment of money. *Id.* at 1158.[7] But the *Smither* court noted that "a written credit card application and/or generic terms of agreement do not by themselves establish the existence of a contract; the contract creating

---

[7] Indiana Code Section 34-11-2-9 also has a six-year limitation period, but the *Smither* court noted that an action under that statute would have a different accrual date. 919 N.E.2d at 1158.

indebtedness is formed only when the customer accepts the bank's offer of credit by using the card." *Id*. The court further noted that

> credit card accounts are unlike promissory notes or installment[] loans, such as mortgages, student loans, and car loans. In those types of written debt obligations, the total amount of indebtedness and a defined schedule of repayment, including precise dates for payment and the amount of each payment until the debt is fully repaid, typically are included in the loan document from the outset. With a credit card, although a credit limit may be established, the precise amount of debt that a consumer may undertake is unknown at the outset and fluctuates, depending on how the card is used. Instead, the creditor sends monthly statements to the debtor indicating the amount of that month's required minimum payment, which may vary depending upon how much the card has been used, whether the creditor has imposed fees of different kinds, whether the interest rate for the card is variable, and how previous payments have been made. Long-standing Indiana law also holds, "'The mere existence of any written document associated with a cause of action does not enable a claimant to avoid [the] statute of limitations for unwritten contracts [and actions on account]. The written document must in fact be the basis for the claim being pressed.'" [*McMahan*, 478 N.E.2d at 123] (quoting *In re Widau*, 177 Ind. App. 215, 222, 378 N.E.2d 936, 940 (1978)); *see also Falmouth & Lewisville Turnpike Co. v. Shawhan*, 107 Ind. 47, 48, 5 N.E. 408, 409 (1886) (holding that statute of limitations governing unwritten contract applies where contract is partially in writing and partially based on parol evidence).

*Id*. at 1159 (footnote omitted).

[18] The *Smither* court then noted that credit card accounts "would appear to closely resemble the common law definition of an 'open account'":

An "open account" is an account with a balance which has not been ascertained and is kept open in anticipation of future transactions. An open account results where the parties intend that the individual transactions in the account be considered as a connected series, rather than as independent of each other, subject to a shifting balance as additional debits and credits are made, until one of the parties wishes to settle and close the account, and where there is but one single and indivisible liability arising from such series of related and reciprocal debits and credits. This single liability is fixed at the time of settlement, or following the last entry in the account, and such liability must be mutually agreed upon between the parties, or impliedly imposed upon them by law. *Thus, an open account is similar to a line of credit.*

**Observation:** Openness of an account, for purposes of an action on an open account, is indicated when further dealings between the parties are contemplated and when some term or terms of the contract are left open and undetermined.

The continuity of an account is broken where there has been a change in the relationship between the parties, or where the account has been allowed to become dormant.

1 Am. Jur. 2d *Accounts & Accounting* § 4 (2005) (emphasis added) (footnotes omitted). This definition encompasses credit card agreements: the precise amount of indebtedness that a customer may incur is unknown and fluctuating and the account is kept open in anticipation of future transactions, unless one of the parties decides to close it. *See also Nelson v. Board of Comm'rs of Posey County*, 105 Ind. 287, 288, 4 N.E. 703, 704 (1886) ("The

primary idea of 'account' is some matter of debit and credit, or of a demand in the nature of debit and credit between parties, arising out of contract, or of a fiduciary relation, or some duty imposed by law.").

*Id*. at 1159-60 (emphasis in *Smither*).[8]  The court determined that it would treat Smither's credit card debt as an open account debt for statute of limitations purposes.  *Id*. at 1160.

[19]  In the summary judgment order in this case, the trial court agreed with Appellants that Indiana Code Section 34-11-2-7 is the statute of limitations that applies to Pioneer's claim against VGB for failing to pay the charges on its accounts.  In light of *Smither*, we agree with both Appellants and the trial court.  The designated evidence indicates that VGB's accounts with Pioneer had fluctuating balances resulting from a connected series of transactions and were kept open in anticipation of future purchases.

[20]  But, as the trial court observed, "[t]his does not end the discussion, … because this statute only specifies how long the prospective plaintiff has to file the claim from the time the claim accrues."  Appellants' App. at 18.  "The determination of when a cause of action accrues is generally a question of law.  However, when application of a statute of limitation rests on questions of fact, it is

---

[8] *See also* BLACK'S LAW DICTIONARY (10th ed. 2014) (defining open account as "[a]n account that is left open for ongoing debit and credit entries by two parties and that has a fluctuating balance until either party finds it convenient to settle and close, at which time there is a single liability.").

generally an issue for a jury to decide." *Stickdorn*, 957 N.E.2d at 1020-21 (citation omitted).

[21] For purposes of Indiana Code Section 34-11-3-1, Appellants argued on summary judgment that "the phrase 'date of the last item proved in the account on either side' … means the last charge to, or the last payment made on, the Accounts" governed by the line of credit. Appellants' App. at 18. Again, we agree with Appellants. *See Smither*, 919 N.E.2d at 1160 (noting that "last activity on an open account" may include "the charging of an item or the making of a payment on the account"). Appellants designated evidence that the last charge or payment was made on January 26, 2006, for the General Account and on February 21, 2006, for the Real Estate Account. Based on the six-year statutory limitation period, Appellants argued that "the latest Pioneer could file a claim for breach of contract on the Credit Agreement was January 26, 2012, for the General Account and February 21, 2012, for the Real Estate Account," and therefore Pioneer's claim against VGB was untimely filed in November 2012. Appellants' App. at 18. As far as we are aware, Pioneer designated no contrary evidence in its response to Appellants' counter motion for summary judgment,[9] and its assertion on appeal that the statute of limitations was tolled by Ganz's oral promise in December 2007 to satisfy the debt in full is unsupported by any citation to authority and therefore waived.

---

[9] Appellants did not include a copy of Pioneer's response in their appendix, and Pioneer did not submit an appendix.

*See Kishpaugh v. Odegard*, 17 N.E.3d 363, 373 n.3 (Ind. Ct. App. 2014) (finding unsupported arguments waived).

[22]   Appellants made a prima facie showing that Pioneer's action against VGB was commenced outside the statutory period, and Pioneer failed to establish any facts in avoidance. Therefore, we reverse and remand with instructions to grant Appellants' counter motion for summary judgment as to VGB.

## Section 5 – Ganz is entitled to summary judgment on his statute of limitations defense.

[23]   Finally, we consider whether Ganz is entitled to summary judgment based on his statute of limitations defense against Pioneer's personal guaranty claim. In its summary judgment order, the trial court made the following findings:

> As to the statute of limitations defense as applied to [Pioneer's claim against Ganz], both Mr. Ganz and Pioneer seem to be skipping one key point in [Appellants'] argument. It appears as though they fail to understand that the Guaranty Agreement is not the same as the Credit Agreement and thus it might not enjoy the same term for statute of limitations purposes....
>
> A guaranty agreement is a contract wholly separate from an underlying contract in which the guarantor is guaranteeing. In the Guaranty Agreement at issue here, for the consideration of Pioneer extending credit to [VGB], Mr. Ganz, individually, gave the consideration of being jointly and severally liable with [VGB] for the charges that [VGB] makes, but for which [VGB] does not pay. At first glance, then, the Guaranty Agreement[] appears to be a basic written contract, rather than a contract for the payment of money. If so, then the statute of limitations on the Guaranty Agreement according to I.C. § 34-11-2-11, would be ten years –

not six.[10]

However, the Court in *Smither*, 919 N.E.2d [1153], pointed out the "[l]ong standing Indiana law [that] holds, 'The mere existence of any written document associated with a cause of action does not enable a claimant to avoid [the] statute of limitations for unwritten contracts [and actions on account.] The written document must in fact be the basis for the claim being pressed.'" *Smither*, 919 N.E.2d[] at 1159, quoting [*McMahan*, 478 N.E.2d at 123] (internal quotation omitted).

Employing this principle, this Court finds that, despite the Guaranty Agreement itself being in writing, it is still an unwritten contract, because parol evidence is required to prove a claim brought to enforce the Agreement.[11] As explained in *Smither*, "the precise amount of debt that a consumer may undertake is unknown at the outset and fluctuates, depending on how the card is used." *Id.* The same goes for the Guaranty Agreement, as the promise found in the Guaranty Agreement is for Mr. Ganz to pay the amounts rightfully owed to Pioneer, as charged by Corporation, under the Credit Agreement. Thus, the Guaranty Agreement is considered an unwritten contract, and subject to

---

[10] *See* Ind. Code § 34-11-2-11 ("An action upon contracts in writing other than those for the payment of money, and including all mortgages other than chattel mortgages, deeds of trust, judgments of courts of record, and for the recovery of the possession of real estate, must be commenced within ten (10) years after the cause of action accrues."). Pioneer argues that this statute of limitations applies to its claims against Appellants. As far as we can tell, this is the first time that Pioneer has raised this issue. "Issues not raised before the trial court on summary judgment cannot be argued for the first time on appeal and are waived." *Dunaway v. Allstate Ins. Co.*, 813 N.E.2d 376, 387 (Ind. Ct. App. 2004).

[11] *See Smither*, 919 N.E.2d at 1159 (citing *Shawhan*, 107 Ind. at 48, 5 N.E. at 409); *see also Hoffman v. Hollingsworth*, 10 Ind. App. 353, 356, 37 N.E. 960, 961 (1894) ("When it is necessary to resort to oral evidence to establish a contract, although a part of the contract be in writing, the entire contract is regarded as a verbal one. An action upon a contract partially in writing and partially in parol is barred by the six-years' statute of limitations.") (citing, inter alia, *Shawhan*); *Movement for Opportunity & Equal. v. Gen'l Motors Corp.*, 622 F.2d 1235, 1242 n.7 (7th Cir. 1980) ("Where proof problems on contracts are minimal, in written, integrated contracts, Indiana provides a 20-year [now 10-year] statute of limitations. On general contract actions which must rely on parol evidence, people's memories and extraneous documents, however, Indiana applies a considerably shorter six-year period.") (citation to superseded statute omitted).

the same six-year statute of limitations as found in I.C. § 34-11-2-7(1).

Appellants' App. at 19-21 (some alterations in *Smither*) (citation to exhibits omitted).

[24] We agree with the trial court's analysis. As far as the date of accrual is concerned, Appellants argued that the claim against Ganz accrued at the same time as the claim against VGB. Pioneer argued that the claim "should accrue from the time that [it] was put on notice that [VGB] would not be paying its debt in the normal course[.]" *Id.* at 21. Assuming for argument's sake that Pioneer is correct, VGB's credit account agreement states that payment for all materials and services "is due by the 10th of the month following purchase and becomes delinquent on the 25th of the month following purchase." *Id.* at 30. Thus, at the latest, the General Account became delinquent on February 25, 2006, and the Real Estate Account became delinquent on March 25, 2006. The record contains no designated evidence regarding the normal course of the parties' business dealings, but even assuming that Pioneer typically gave VGB several additional months to pay its debt, Pioneer's claim against Ganz accrued more than six years before it filed its complaint. Thus, Pioneer's claim against Ganz was untimely filed. Accordingly, we reverse and remand with instructions to grant Appellants' counter motion for summary judgment as to Ganz.

Reversed and remanded.

Kirsch, J., and May, J., concur.